NOT DESIGNATED FOR PUBLICATION

No. 112,643

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THEODIS BIAS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed December 4, 2015. Affirmed.


*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.


*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, P.J., ATCHESON, J., and WALKER, S.J.


*Per Curiam*: Theodis Bias pled guilty to felony theft, attempted theft, and misdemeanor theft. He was sentenced to 12 months' probation, with a total underlying sentence of 10 months in prison and 12 months in county jail. After a hearing on alleged probation violations, the district court revoked Bias' probation and imposed a modified 10-month prison sentence. Bias appeals the revocation of his probation. Finding no error, we affirm.


1

Bias pled guilty to one count of theft under K.S.A. 2013 Supp. 21-5801(a)(1), (b)(3), a severity level 9 nonperson felony; one count of attempted theft under K.S.A. 2013 Supp. 21-5301(a), (e) and K.S.A. 2013 Supp. 21-5801(a)(1), (b)(4), a class B nonperson misdemeanor; and one count of theft under K.S.A. 2013 Supp. 21-5801(a)(1), (b)(4), a class A nonperson misdemeanor. On April 16, 2014, Bias was sentenced to 12 months' probation, with a total underlying sentence of 10 months in prison and 12 months in county jail.

On June 5, 2014, a warrant was issued alleging that Bias had violated the terms and conditions of his probation supervision by testing positive for cocaine on three occasions beginning on May 6, 2014, failing to report to his intensive supervision officer (ISO) on May 14, 2014, and being unsuccessfully discharged from outpatient treatment with a recommendation for inpatient treatment. Bias successfully completed inpatient drug treatment on April 28, 2014. Bias was then transitioned from inpatient to outpatient status, but he did not show up regularly to outpatient treatment. Bias admitted to his ISO that he had used crack cocaine. Although Bias missed his meeting on Wednesday, May 14, Bias reported to his ISO the following Friday.

At a hearing on July 17, 2014, Bias admitted the allegations and waived his right to an evidentiary hearing. The court revoked Bias' probation. The court noted that Bias' first provable use of crack cocaine was only a week after he was discharged from inpatient treatment, that Bias had been through treatment at least twice prior to this (his first in 1994), and that Bias had an extensive criminal history and was likely to offend again. The judge went on:

> "I'm going to find that the defendant did abscond on May 16th, pursuant to
> [K.S.A.] 22-3716. In addition, I'm going to make findings under the override provisions

as to the defendant's welfare and find that at this time he would not be served by any intermediate sanctions, noting his 10-plus year history of substance abuse, his completion at least of three treatments, most specifically the recent completion of an inpatient program with a rapid return to substance abuse after that and a failure to follow the recommended post-treatment actions, all of which combine in the Court's opinion to support a finding that those intermediate sanctions are not in the defendant's welfare and an imposition of sentence is appropriate at this time."

The court imposed a modified sentence of 10 months in prison.

INTERMEDIATE SANCTIONS

Bias first contends that his failure to report to his ISO on one occasion did not constitute "absconding" from supervision and thus the district court should have imposed intermediate sanctions as required by K.S.A. 2013 Supp. 22-3716(c)(1).

Interpretation of a sentencing statute is a question of law over which this court's review is unlimited. *State v. Riojas*, 288 Kan. 379, Syl. ¶ 7, 204 P.3d 578 (2009).

K.S.A. 2013 Supp. 22-3716(c) provides that a sentencing court should generally impose an intermediate sanction before ordering a probation violator to serve his or her underlying sentence. However, the district court need not impose intermediate sanctions if the offender "absconds from supervision while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2013 Supp. 22-3716(c)(8), (c)(9).

There is support for Bias' contention that one instance of failing to report does not constitute "absconding" within the meaning of K.S.A. 2013 Supp. 22-3716(c)(8). See *State v. Huckey*, 51 Kan. App. 2d 451, 455-58, 348 P.3d 997, *rev. denied* 302 Kan. __

3

(August 12, 2015). "Absconding is more than just not reporting." 51 Kan. App. 2d at 456. "At an evidentiary hearing the State must prove by a preponderance of the evidence that the probationer has absconded." 51 Kan. App. 2d at 457.

Here, Bias missed one meeting with his ISO on Wednesday, May 14. But he reported on Friday. According to this court in *Huckey*, one missed meeting is not absconding. 51 Kan. App. 2d at 456. The State did not allege or attempt to prove that Bias absconded. The only mention of absconding at the revocation hearing was the one sentence by the district judge where he found that "the defendant did abscond on May 16th." Thus, the district court erred in finding that Bias absconded from probation.

However, the district court also made a finding that Bias' welfare would not be served by an intermediate sanction under K.S.A. 2013 Supp. 22-3716(c)(9). Bias does not challenge this finding in his brief. An argument not briefed is deemed abandoned. *State v. Gomez*, 290 Kan. 858, 866, 235 P.3d 1203 (2010).

The district court need not have found both that Bias absconded and that Bias' welfare would not be served by intermediate sanctions. See *State v. Brown*, No. 112,203, 2015 WL 5010070 (Kan. App. 2015) (unpublished decision), *petition for rev. filed* September 8, 2015. The absconding and welfare exceptions are found in different subsections of the statute and there is no "and" connecting them. K.S.A. 2013 Supp. 22-3716(c)(8), (c)(9). Thus, the district court properly ordered Bias to serve his underlying sentence based alone on its finding that Bias' welfare would not be served by intermediate sanctions. This court need not inquire further.

Even if Bias had challenged the district court's finding that his welfare would not be served by an intermediate sanction, we do not believe he would be entitled to relief. The district court was required to "set forth with particularity the reasons for finding that . . . the welfare of the offender will not be served by" intermediate sanctions. K.S.A. 2013

Supp. 22-3716(c)(9). This court has stated that "[w]hen something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Further, implicit findings are insufficient when particularized findings are required by statute. *State v. Miller*, 32 Kan. App. 2d 1099, 1102-03, 95 P.3d 127 (2004). A district court making findings under K.S.A. 2013 Supp. 22-3716(c)(9) must explicitly state "how" the public's safety would be jeopardized or "how" the offender's welfare would not be served by intermediate sanctions. See *State v. Lane*, No. 111,110, 2015 WL 802739, at *4 (Kan. App. 2015) (unpublished opinion).

Here, the district court recognized the application of K.S.A. 2013 Supp. 22-3716(c)(9) and explained how Bias' welfare would not be served by intermediate sanctions. The district court stated that Bias had a 10-plus year history of substance abuse, that he had rapidly returned to drug use after his last supposed successful discharge from inpatient treatment while on probation, and that he failed to follow recommended posttreatment actions while on probation. The court speculated that Bias was likely to offend again based on his criminal history. The court stated that Bias' time on probation was a "pretty colossal failure" in "such a short period." Thus, the district court concluded that intermediate sanctions were not in Bias' welfare and imposition of his sentence was appropriate.

Having examined the record, we find that the district court made appropriately particularized findings as to why Bias should not receive intermediate sanctions.

REVOCATION OF PROBATION

As his second complaint, Bias contends that the district court acted unreasonably by revoking his probation and ordering him to serve his prison sentence rather than imposing inpatient drug treatment.

5

Probation is an act of grace by a sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The offender bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Bias stipulated to six probation violations. The district judge found that Bias' welfare would not be served by probation because of his rapid return to drug use after prior treatment while on probation. Accordingly, the district judge ordered Bias to serve his sentence. Bias has not shown that the district court's decision was unreasonable. We find no abuse of discretion by the district court.

Affirmed.