(95 P.3d 127)

No. 90,561

STATE OF KANSAS, *Appellee*, v. JIMMY R. MILLER, *Appellant*.

—

Opinion filed August 13, 2004.

*Korey A. Kaul*, assistant appellate defender, for appellant.

*Benjamin J. Fisher*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before JOHNSON, P.J., MALONE and HILL, JJ.

MALONE, J.: Jimmy R. Miller's probation for residential burglary was revoked, and he was ordered to serve his underlying prison term. On appeal, Miller claims that the district court failed to state its reasoning with particularity for refusing to assign him to community corrections pursuant to K.S.A. 2003 Supp. 22-3716(b).

On January 24, 2003, Miller pled guilty to two counts of residential burglary. At the time the burglaries were committed, Miller was on parole, and he had previously been convicted of residential burglary. Pursuant to K.S.A. 2003 Supp. 21-4704(l), Miller's sentence for the new burglaries was presumptive imprisonment. However, pursuant to the plea agreement, both parties recommended an assignment to community corrections rather than prison.

On March 7, 2003, Miller received a sentence of 27 months and was granted a downward dispositional departure to probation for 24 months. The district court ordered that Miller's probation be supervised by court services even though both parties recommended community corrections.

On March 21, 2003, the State filed a motion to revoke probation because Miller had failed to report to court services and he had been using illegal drugs daily since his sentencing. Miller stipulated to the State's allegations. Miller asked the district court to assign him to community corrections for more intensive supervision. However, the district court revoked Miller's probation and ordered Miller to serve his underlying prison sentence.

Miller timely appeals.

Miller claims that the district court erred when it ordered him to serve his underlying prison term without assigning him to community corrections first, as required by K.S.A. 2003 Supp. 22-3716(b).

K.S.A. 2003 Supp. 22-3716(b) states in relevant part:

"Except as otherwise provided, no offender for whom a violation of conditions of release or assignment or a nonprison sanction has been established as provided in this section shall be required to serve any time for the sentence imposed or which might originally have been imposed in a state facility in the custody of the secretary of corrections for such violation, unless such person has already at least one prior assignment to a community correctional services program related to the crime for which the original sentence was imposed, except these provisions shall not apply to offenders who violate a condition of release or assignment or a nonprison sanction by committing a new misdemeanor or felony offense. . . . . The court may require an offender for whom a violation of conditions of release or assignment or a nonprison sanction has been established as provided in this section to serve any time for the sentence imposed or which might originally have been imposed in a state facility in the custody of the secretary of corrections without a prior assignment to a community correctional services program *if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by such assignment to a community correctional services program.*" (Emphasis added.)

"Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the

district court's interpretation of a statute. [Citation omitted.]" *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

At the probation revocation hearing, it appears that the district court believed that the provisions of 22-3716(b) do not apply if the original sentence was a departure. The district judge stated, "The rules, the statutory provisions [about community corrections] that [Miller's attorney] is relying upon in his argument I believe do not apply when a dispositional departure is granted." On this point, the district court was mistaken. Despite the district court's belief to the contrary, the provisions of 22-3716(b) apply even if the original sentence was a departure.

In Miller's case, the district court could only forego assigning Miller to community corrections by finding and setting forth with particularity the reasons that the safety of the public would be jeopardized or that Miller's own welfare would not be served by such an assignment. In ordering that Miller serve his underlying prison sentence, the district court stated, "[Mr. Miller] received a significant break from the Court at time of sentencing by being granted not only a dispositional departure, but being assigned to court services. And Mr. Miller was unable to make it from the courthouse to court services, a half block [before violating probation]." The State argues that these comments, referring to Miller's significant drug problem, satisfied the required finding that community corrections would not serve Miller's own welfare.

Cases which have construed a requirement of particularized findings in other provisions of the criminal code provide guidance in interpreting the relevant language of K.S.A. 2003 Supp. 22-3716(b). In *State v. Jones*, 30 Kan. App. 2d 210, 41 P.3d 293 (2001), the issue was whether Jones' probation term had been properly extended pursuant to K.S.A. 2000 Supp. 21-4611(c)(5). The statute required that in order to extend a term of probation, the district court must find and set forth with " 'particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided' " in the statute. 30 Kan. App. 2d at 213.

In *Jones*, the district court had extended Jones' probation " 'for the reasons set forth in the motion for extension of probation.' " The reasons listed in that motion included: drug test failure, failure to maintain employment, and failure to complete counseling. 30 Kan. App. 2d at 213. In concluding that Jones' probation term had been improperly extended, the court stated: "The district court's brief statement falls short of the statute's requirement of setting forth *with particularity* the reasons for finding the safety of the public will be jeopardized or the welfare of the inmate will not be served by the shorter period of probation." 30 Kan. App. 2d at 214. The court remanded the case for resentencing for the district court to make the findings required by statute or to release Jones from probation. 30 Kan. App. 2d at 214.

In *State v. Huskey*, 17 Kan. App. 2d 237, 834 P.2d 1371 (1992), Huskey was denied a motion to modify his sentence pursuant to K.S.A. 1989 Supp. 21-4603(4)(a). The statute required that

"within 120 days after a sentence is imposed . . . the court . . . shall modify such sentence if recommended by the Topeka Correctional Facility—East unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification."

The court held that the statement by the sentencing court that the case involved drugs and stolen antique guns was insufficient to deny Huskey's motion for modification. The court concluded: "When something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." 17 Kan. App. 2d 237, Syl. ¶ 2.

Here, the district court noted that Miller had failed to report to court services and had been using illegal drugs daily since being placed on probation. The district court did not, however, specifically discuss how these reasons would jeopardize the public's safety or how Miller's welfare would not be served by an assignment to community corrections. The State argues that assigning Miller to community corrections would endanger his welfare due to his chronic drug use and that this determination was implicit in the district court's reasoning. However, the relevant cases make it clear

that an implicit determination is not enough when particularized findings are required by statute.

Before sending Miller to prison, the district court was required to expressly set forth with particularity the reasons that the safety of the public would be jeopardized or that Miller's own welfare would not be served by assigning him to community corrections. The district court's generalized comments at the probation revocation hearing fall short of satisfying the statutory requirements.

Finally, we note that the record reflects that Miller had been assigned to community corrections in a prior case. However, the provisions of 22-3716(b) apply "unless such person has already at least one prior assignment to a community correctional services program *related to the crime for which the original sentence was imposed.*" (Emphasis added.) K.S.A. 2003 Supp. 22-3716(b). Thus, the district court must consider assigning Miller to community corrections in this case even though he was assigned to the program in a prior case.

The district court's order revoking Miller's probation and ordering him to serve his underlying prison sentence is reversed. The case is remanded for a hearing for the district court to either make the particularized findings required by K.S.A. 2003 Supp. 22-3716(b) or to assign Miller to community corrections.

Reversed and remanded with directions.