NOT DESIGNATED FOR PUBLICATION

No. 112,604

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARIO J. SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; RICHARD T. BALLINGER, judge. Opinion filed November 25, 2015. Reversed and remanded.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MCANANY and BUSER, JJ.

*Per Curiam*: Mario J. Smith appeals the district court's revocation of his probation and its imposition of a prison sentence. Smith contends the district court erred when it did not impose nonprison sanctions set forth in K.S.A. 2013 Supp. 22-3716, but instead, revoked his probation without making particularized findings that the safety of the public would be jeopardized if such sanctions were imposed. Finding merit in Smith's argument, we reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

Smith pled guilty, pursuant to plea negotiations, to possession of cocaine, a severity level 4 drug felony, in violation of K.S.A. 2011 Supp. 21-5706(a), (c)(1). In exchange for his plea, the State agreed, in relevant part, to join in Smith's motion for a downward dispositional departure to probation supervised by Community Corrections Field Services.

Sentencing was held on January 21, 2014. The district court followed the plea agreement and granted Smith's request for a dispositional departure. Smith was sentenced to 12 months' probation with an underlying prison term of 36 months. In placing Smith on probation, however, the district court noted several concerns: (1) Smith had a B criminal history score with a prior "possession of a firearm conviction," (2) he was "a documented gang member," (3) his Level Service Inventory Revised evaluation (which measures sociological and psychological factors associated with a particular defendant and assesses the likelihood of recidivism) indicated that he posed a "high risk" for reoffending, and (4) Smith had been unemployed since 2002.

About 2 weeks after sentencing, the State moved to revoke Smith's probation alleging several violations, including: (1) neglecting to timely report that he had contact with law enforcement on February 2, 2014, as alleged in Wichita Police Department case number 14C007181; (2) failing to avoid "[injurious] or vicious habits and persons or places of disreputable or harmful character," by patronizing The Spotlight 2 bar on February 2, 2014; and (3) noncompliance with standard gang conditions.

On February 24, 2014, the district court held a probation revocation hearing. At the hearing, Smith stipulated to the first two violations and declined to contest the third. As a result, the district court found that Smith had violated the terms of his probation.

With regard to disposition, the State urged the district court to deem Smith a danger to the community because "[t]his was a presumptive prison case originally." The State claimed that Smith was obviously not amenable to probation, and he was "a suspect in the incident at the Spotlight, [which] did involve weapons." For his part, Smith requested reinstatement or one of the graduated sanctions outlined in K.S.A. 2013 Supp. 22-3716. Smith claimed he would be able to successfully comply with his probation in the future because he had enrolled in school, attended treatment, and would no longer be "messin' around with gang members and stuff that I used to do in the past." But a court services officer advised the district court that he had not received any reports confirming that Smith had attended treatment or enrolled in school.

After considering the matter, the district court found that Smith was a risk to community safety, revoked Smith's probation and ordered him to serve a modified prison sentence of 28 months. Judge Ballinger explained:

> "Okay. I'm going to find that the new house bill does apply to this case. That it was presumptive prison. That I am and have been made aware of the allegations and now, of course, make a factual finding, specifically, as I already have, that based on all the information, clearly by a preponderance of the evidence, that he's in violation. Because I've made all those findings and the house bill does apply, that due to safety of the community in this case that I'm denying the request to reinstate probation."

Smith filed this timely appeal.

## DISCUSSION

On appeal, Smith contends the district court erred when it did not impose the intermediate nonprison sanctions set forth in K.S.A. 2013 Supp. 22-3716(c) because the court did not make the particularized findings required to revoke his probation and impose a prison sentence. In particular, although Smith acknowledges the district court

3

determined that an intermediate sanction would jeopardize the safety of the public, Smith contends the district court did not articulate, with particularity, the manner in which he posed a risk to the community.

Probation from serving a sentence is "'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right.' [Citations omitted.]" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, revocation is within the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would have taken the view adopted by the court, (2) guided by an erroneous legal conclusion, or (3) based upon an error of fact. *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). To the extent it is necessary to interpret K.S.A. 2013 Supp. 22-3716, however, we exercise unlimited review. See *State v. Riojas*, 288 Kan. 379, Syl. ¶ 7, 204 P.3d 578 (2009).

Effective July 1, 2013, the legislature circumscribed a district court's discretion to sanction an offender for a probation violation by enacting several amendments to K.S.A. 2012 Supp. 22-3716, with the passage of House Bill 2170. See L. 2013, ch. 76, sec. 5. Compare K.S.A. 2012 Supp. 22-3716(b) with K.S.A. 2013 Supp. 22-3716(c). Generally, K.S.A. 2013 Supp. 22-3716 instructs district courts to impose a series of graduated sanctions upon finding that an offender originally convicted of a felony has violated a technical condition of his or her probation, assignment to community corrections, suspension of sentence, or another nonprison sanction. These sanctions range from continuation or modification of the offender's release conditions to brief periods of confinement in jail, which gradually increase in duration depending on the number of lesser sanctions the district court has already imposed on the offender. See K.S.A. 2013 Supp. 22-3716(c)(1)(A)-(D).

A district court still has discretion to not assess intermediate sanctions and impose the offender's underlying prison sentence if the offender commits a new felony or misdemeanor or absconds from supervision. K.S.A. 2013 Supp. 22-3716(c)(8). Of particular importance to this appeal, K.S.A. 2013 Supp. 22-3716(c)(9) authorizes district courts to circumvent the intermediate sanctions "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction."

The State contends that Smith's challenge to the sufficiency of the district court's findings is without merit because despite the district court's failure to "articulate an itemized list of factors it relied upon in reaching its conclusion, the basis for its determination may properly be deduced" from a fair reading of the record. The State explains:

"Here, the sentencing and probation violation hearing judge were one and the same. [Citation omitted.] The judge took judicial notice of the court file in this case and indicated [his] decision was based on all of the information at [his] disposal. [Citation omitted.] That is to say, the decision was a direct result of the fact that a mere two weeks after narrowly receiving the grace of probation, [Smith] was out past curfew in a disreputable place, with disreputable people, a decision that resulted in his contact with law enforcement for an incident in which he subsequently became a suspect; an encounter he delayed sharing with his ISO, and then when he opted to disclose the contact, lied about the nature of that contact to make it seem as though it was merely an innocuous car stop that all citizens in that area were subject to that evening as part of some sort of criminal investigation. [Citation omitted.]"

While these facts may have factored in the district court's community safety finding, our court repeatedly has held that an implicit determination, which requires an appellate court to speculate regarding the district court's reasoning, is not sufficient when the district judge is statutorily required to make particularized findings. See, *e.g.*, *State v.*

*Miller*, 32 Kan. App. 2d 1099, 1101-03, 95 P.3d 127 (2004); *State v. Wesley*, No. 111,179, 2015 WL 3868716, at *4-5 (Kan. App. 2015) (unpublished opinion); *State v. Kilpatrick*, No. 111,055, 2015 WL 1123021, at *7 (Kan. App. 2015) (unpublished opinion), *petition for review filed* April 2, 2015; *State v. Harding*, No. 110,677, 2014 WL 3630554, at *4-5 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. ___ (2015); *State v. Wilmer*, No. 99,064, 2008 WL 4849635, at *1-2 (Kan. App. 2008) (unpublished opinion); *State v. Padgett*, No. 94,695, 2006 WL 3257450, at *1-2 (Kan. App. 2006) (unpublished opinion). "When something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Consequently, in order to revoke a defendant's probation under K.S.A. 2013 Supp. 22-3716(c)(9), the district judge must find *and explain why* imposing an intermediate sanction would jeopardize public safety or fail to serve the defendant's welfare. *Wesley*, 2015 WL 3868716, at *5.

We find the district court erred by revoking Smith's probation and imposing a prison sentence under K.S.A. 2013 Supp. 22-3716(c)(9). This is an error of law because the district court failed to articulate, with particularity, how members of the public would be jeopardized if Smith received an intermediate sanction and remained on probation. Accordingly, we reverse the revocation of Smith's probation and remand for further proceedings.

Reversed and remanded.

6