NOT DESIGNATED FOR PUBLICATION

No. 113,198

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES C. GOODRIDGE, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY L. WALLER, judge. Opinion filed December 11, 2015. Affirmed in part, vacated in part, and remanded with directions.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Mark Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., GARDNER, J., and BURGESS, S.J.

*Per Curiam*:  James Goodridge appeals from the district court's revocation of his probation, contending that the district court lacked the statutory authority to impose his underlying prison sentence and that revocation of his probation was an abuse of discretion. We affirm the revocation of Goodridge's probation but vacate his sentence and remand for a dispositional hearing.

1

In December of 2012, Goodridge pleaded guilty to an offender registration violation. Goodridge was later sentenced to 24 months' probation with an underlying 26-month prison sentence.

In August of 2014, a warrant was issued for Goodridge's arrest, alleging that he had violated his probation. At the revocation hearing in September, Goodridge waived an evidentiary hearing and stipulated to all but one of the alleged probation violations. The district court revoked Goodridge's probation and then reinstated it for an additional 24 months, adding the condition that he complete a community corrections residential program.

In October of 2014, a second warrant was issued for Goodridge's arrest. In the warrant, Goodridge's intensive supervision officer averred that Goodridge had appeared to be under the influence of an unknown substance and later admitted to using "K2." In December, at the second revocation hearing, Goodridge stipulated to the probation violation and waived an evidentiary hearing. After determining that it did not believe Goodridge's explanation about his drug use, the district court revoked Goodridge's probation and imposed his underlying prison sentence. Goodridge timely appeals.

*Imposition of the underlying prison sentence*

Goodridge argues that the district court erred by imposing his underlying prison sentence after revoking his probation. Specifically, Goodridge contends that K.S.A. 2014 Supp 22-3716(c) requires a sentencing court to impose an intermediate sanction before ordering the probationer to serve the underlying prison sentence. This issue is properly before this court because it "involves only a question of law arising on proved or admitted facts and is finally determinative of the case." See *State v. Lane*, No. 111,110, 2015 WL 802739, at *1 (Kan. App. 2015) (unpublished opinion) (citing *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 [2014]).

2

This issue rests on the interpretation of K.S.A. 2014 Supp. 22-3716. Statutory interpretation is a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). When a statute is clear and unambiguous, the use of canons of construction or legislative history to interpret the statute is not required. *Phillips*, 299 Kan. at 495. Criminal statutes are strictly construed and "any reasonable doubt as to the meaning of the statute is decided in favor of the accused." 299 Kan. at 495.

K.S.A. 2014 Supp. 22-3716(c) generally prohibits a district court from imposing an underlying prison sentence unless it has first imposed intermediate sanctions. There are, however, two exceptions to this rule. The exception arguably applicable here is if the district court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2014 Supp. 22-3716(c)(9). The district court's findings must be distinct, stated with attention and concern to detail, and specifically explain, not merely imply, why the public's safety will be endangered or the offender's welfare will not be served by an intermediate sanction. *State v. Harding*, No. 110,677, 2014 WL 3630554, at *4 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. ___ (July 27, 2015) (citing *State v. Miller*, 32 Kan. App. 2d 1099, 1102-03, 95 P.3d 127 [2004]).

In this case, after Goodridge explained his use of K2, the district court said it did not believe Goodridge's testimony, stating:

> "Well, I don't know Mr. Goodridge, I don't really think you're being honest with me. I'm going to revoke your probation and order you remanded to the custody of the Sheriff to serve the balance of the sentence previously imposed. Thank you very much."

The district court's statement, at best, could be construed as perhaps implying that because of his drug use, keeping Goodridge on probation would not serve his welfare or endanger the public's safety. We find this statement fails to meet the specificity required by statute. The State agrees with Goodridge that the district court failed to make sufficient findings. We thus conclude that the district court's findings were insufficient to warrant imposition of Goodridge's underlying prison sentence. Goodridge's sentence is vacated, and the case is remanded to the district court for a dispositional hearing.

*Revocation of Goodridge's probation*

Goodridge also argues that the revocation of his probation was an abuse of discretion. In particular, he claims the district court's decision to revoke his probation was unreasonable because he apologized to the district court, explained his drug use was unintentional, had a family to support, had been seeking employment, and had been otherwise successful in the residential program.

Once the State has proven that a probation violation has occurred, the decision to revoke the probation is within the sound discretion of the district court. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). Judicial discretion is abused if: (1) no reasonable person would have taken the view adopted by the court; (2) the action was based on an error of law; or (3) the action was based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014); see *State v. Carpenter*, No. 111,029, 2015 WL 770208, at *4 (Kan. App.) (unpublished opinion), *rev. denied* 302 Kan. ___ (August 13, 2015) (finding the abuse of discretion standard still applies to disposition decisions under K.S.A. 22-3716[c][9]). The party alleging an abuse of discretion bears the burden of proof. *State v. Decker*, 288 Kan. 306, 311, 202 P.3d 669 (2009).

Here, Goodridge admitted that he violated the terms of his probation by using K2. This probation violation occurred less than a month after Goodridge's previous revocation

4

hearing. On appeal, Goodridge has failed to show how the district court abused its discretion other than claiming that the alleged mitigating factors outweighed the violation. We find the district court's decision to revoke Goodridge's probation was not an abuse of discretion.

Affirmed in part, vacated in part, and remanded with directions.