NOT DESIGNATED FOR PUBLICATION

No. 112,790

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KERON BAILEY,
*Appellant.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; RICHARD T. BALLINGER, judge. Opinion filed December 11, 2015. Affirmed in part, vacated in part, and remanded with directions.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., HILL and STANDRIDGE, JJ.


*Per Curiam:* When the district court revoked Keron Bailey's probation, it made no finding that public safety would be endangered or that Bailey's welfare would not be served by an intermediate sanction before revoking his probation and ordering him to serve his underlying prison sentence. The legislature has mandated the district courts to take such measures. It is not optional. While there are ample reasons to find that Bailey violated the conditions of his probation, a finding we affirm and do not disturb, we vacate the court's disposition of the matter and remand for reconsideration and further findings.

1

Bailey stipulated to several probation violations. The district court revoked Bailey's probation and ordered him to serve his underlying sentence. Bailey claims that (1) the district court abused its discretion when it revoked his probation and (2) the district court erred either by failing to impose an intermediate sanction under K.S.A. 2013 Supp. 22-3716(c)(1) prior to imposing his underlying sentence or by failing to make particularized findings under K.S.A. 2013 Supp. 22-3716(c)(9) to bypass the intermediate sanction requirement. The district court was well within its discretion to revoke Bailey's probation because Bailey admitted to violating his probation conditions.

Bailey pled guilty to aggravated robbery, a severity level 3 person felony, in April 2013. Bailey had a criminal history classification of A and faced presumptive prison. Despite that, the district court sentenced Bailey to 36 months' probation with an underlying prison term of 247 months.

A month later, a warrant was issued for Bailey alleging that he violated five conditions of his probation: (1) tested positive for amphetamines and cannabinoids and admitted to consuming methamphetamine, marijuana, and alcohol; (2) failed to report a police contact to his intensive supervision probation officer within 24 hours; (3) associated with a gang member; (4) failed to report to his probation officer as directed; and (5) failed to report to his probation officer per a violation letter, and attempts to locate him were unsuccessful. At a probation violation hearing on September 6, 2013, Bailey admitted to the five probation violations and his probation was revoked. The district court then reinstated Bailey's probation and ordered a 60-day jail sanction with new probation conditions. This occurred prior to amendments to the intermediate sanction statutes on July 1, 2013.

Based on allegations of nine probation violations, the court issued a warrant for Bailey's arrest in February 2014. At a later hearing, Bailey admitted to three instances of failing to report on time, being in the residential courtyard when he was not supposed to

be, inappropriately responding to a residential staff member, and possessing a radio contrary to the residential rules. The district court accepted Bailey's admissions and revoked his probation.

The district court refused Bailey's request to reinstate probation, noting that he had received a break in his initial sentencing and at his first probation violation hearing. The district court lowered his prison sentence from 247 to 200 months. Bailey requested a 120-day sanction instead of the 200-month sentence. The judge acknowledged that he needed to consider such a request on the record and stated:

> "And the Court finds that under the circumstances, criminal history, presumption, which I believe also calls for postrelease—there is a postrelease on this, so the record needs to be clear that I'm not modifying that either, that any—because Judge Pullman, I don't know if he excepted his cases out, but I do on all mine, no quick dip, no internal sanctions can be done without my specific permission, and that is not appropriate under the facts and situations of this case, so I deny that also."

Bailey requested treatment for a head injury he suffered from smoking meth. After listening to Bailey, the following exchange occurred:

> "THE COURT: I think that the record needs to be clarified in the sense that this, again, is a situation where unless the appellate courts were in the courtroom during the whole proceeding watching or viewing as well as listening to the information—I found it very helpful for both credibility, understanding, and it gives a weight to the Court's decision that you will never, ever be able to read into this record, period.
>
> "THE DEFENDANT: Saying what?
>
> "THE COURT: I'm not going to change my mind. Quite frankly, you have convinced me that you'll never be able to make probation. Did you know that after two years of constant meth use you are permanently mentally ill for the rest of your life?
>
> "THE DEFENDANT: Is that right?

3

"THE COURT: Absolutely. And you've been untreated, and you will not get it in Kansas. They have quit giving treatment. You will have no treatment, and there is no way that you would have ever been able to make probation. You failed twice, and I'm not going to set you up a third time because you will never be able to make it, Bud. We're done."

On appeal, Bailey claims the district court abused its discretion by revoking his probation and ordering him to serve his underlying sentence, contending that his probation violations were simple rule infractions that did not warrant revocation of his probation.

Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Bailey bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Bailey stipulated to six probation violations. Bailey does not point to any errors of fact or law in the district court's decision to revoke his probation. The decision was not arbitrary, fanciful, or unreasonable. Rather, the district court noted that Bailey had been given multiple opportunities at probation and had failed to comply with its terms as directed. Therefore, the district court was well within its discretion to revoke Bailey's probation and we affirm the probation revocation.

Bailey further contends that the district court erred in ordering him to serve his underlying sentence rather than imposing intermediate sanctions because he did not abscond under K.S.A. 2013 Supp. 22-3716(c)(8) and the district court failed to make particularized findings under K.S.A. 2013 Supp. 22-3716(c)(9).

4

Interpretation of a sentencing statute is a question of law over which this court's review is unlimited. *State v. Riojas*, 288 Kan. 379, Syl. ¶ 7, 204 P.3d 578 (2009).

The legislature has created certain mandates for sentencing courts to follow. K.S.A. 2013 Supp. 22-3716(c) provides that a sentencing court should generally impose an intermediate sanction before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. First, as an intermediate sanction, the district court may impose confinement in jail for not more than 6 days per month in 2-day or 3-day consecutive periods, not to exceed a total of 18 days. K.S.A. 2013 Supp. 22-3716(c)(1)(B). Second, the district court may remand the defendant to the custody of the secretary of corrections for 120 days, subject to a reduction of up to 60 days in the discretion of the secretary, if the district court previously imposed a sanction under (c)(1)(B). K.S.A. 2013 Supp. 22-3716(c)(1)(C). Third, the district court may remand the defendant to the custody of the secretary of corrections for 180 days, subject to a reduction of 90 days in the discretion of the secretary, if the district court has previously imposed a sanction under (c)(1)(B) or (c)(1)(C). K.S.A. 2013 Supp. 22-3716(c)(1)(D). Fourth, the district court may revoke the defendant's probation and require the defendant to serve the underlying sentence—or any lesser sentence which could have originally been imposed if the district court has previously imposed a sanction under (c)(1)(C) or (c)(1)(D). K.S.A. 2013 Supp. 22-3716(c)(1)(E). The district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor or absconds from supervision while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2013 Supp. 22-3716(c)(8), (c)(9).

Having not previously imposed a 2- or 3-day, 120-day, or 180-day sanction, the district court was required to impose an intermediate sanction before ordering Bailey to serve his sentence unless the district court invoked one of the exceptions. Here, there was

5

no evidence that Bailey absconded from supervision so we must move on to examine the remaining exceptions.

The district court made no particularized findings under K.S.A. 2013 Supp. 22-3716(c)(9). We recently discussed and explained the particularity requirement in *State v. McFeeters*, 51 Kan. App. 2d ___, Syl. ¶¶ 1-4, 2015 WL 6777471 (No. 112,784, filed November 6, 2015). As mentioned, the district court was required to "set forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by" intermediate sanctions. K.S.A. 2013 Supp. 22-3716(c)(9). This court has clarified that "[w]hen something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Further, implicit findings are insufficient when particularized findings are required by statute. *State v. Miller*, 32 Kan. App. 2d 1099, 1102-03, 95 P.3d 127 (2004). A district court making findings under K.S.A. 2013 Supp. 22-3716(c)(9) must explicitly state "how the public's safety would be jeopardized" or "how the offender's welfare would not be served" by intermediate sanctions. *McFeeters*, 51 Kan. App. 2d ___, Syl. ¶ 4; see *State v. Lane*, No. 111,110, 2015 WL 802739, at *4 (Kan. App. 2015) (unpublished opinion).

Here, the district judge acknowledged the need to consider an intermediate sanction on the record but then merely stated that "under the circumstances, criminal history, presumption, . . . that is not appropriate under the facts and situations of this case, so I deny that also." The district court made no finding that the public's safety would be jeopardized or that Bailey's welfare would not be served by an intermediate sanction. Merely throwing out the words "criminal history" and "presumption" are insufficient to explain how public safety would be jeopardized by the imposition of an intermediate sanction.

6

The State, however, argues that the district court's remark at the end of the hearing that it was "convinced" that Bailey would "never be able to make probation" was sufficient to support a finding that Bailey's welfare would not be served by the imposition of intermediate sanctions. At the end of the probation revocation hearing, Bailey told the court about his head injury from prior methamphetamine use. The court then told him that he would not be able to get treatment in Kansas and that he would never be able to make probation. The judge stated, "You failed twice, and I'm not going to set you up a third time because you will never be able to make it, Bud." The district court's conclusory comments about Bailey's inability to comply with the terms of probation fail to explain *how* Bailey's welfare would not be served by the imposition of intermediate sanctions.

Any connection between the district court's remarks and either of the exceptions under K.S.A. 2013 Supp. 22-3716(c)(9) would need to be implied. See *Miller*, 32 Kan. App. 2d at 1102-03. We cannot substitute our inferences for the district court's legally required explanations. *McFeeters*, 51 Kan. App. 2d ___, Syl. ¶ 3. Therefore, we conclude the district court's findings were not set forth with particularity as required by K.S.A. 2013 Supp. 22-3716(c)(9).

We affirm Bailey's probation revocation. We vacate the district court's disposition and remand this case to the district court for a new hearing at which the district court could either impose an intermediate sanction under K.S.A. 2013 Supp. 22-3716(c)(1) or, in the alternative, set forth with particularity its reasons for invoking the exceptions under K.S.A. 2013 Supp. 22-3716(c)(9) prior to ordering Bailey to serve his underlying prison sentence.

Affirmed in part, vacated in part, and remanded with directions.