NOT DESIGNATED FOR PUBLICATION

No. 116,403

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAYLOR B. PERCIADO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed October 13, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: Taylor B. Perciado appeals the revocation of his probation. In particular, Perciado contends that because it was his first probation violation the district court should have imposed an intermediate sanction instead of his underlying prison sentence and the court abused its discretion in denying his request to reinstate probation. We conclude that the district court did not abuse its discretion by bypassing intermediate sanctions and ultimately revoking Perciado's probation. Accordingly, we affirm.

1

On September 17, 2015, Perciado pled guilty to an offender registration violation, a severity level three felony. He was sentenced on January 7, 2016. During sentencing, Perciado was determined to have a criminal history score of A. Under the Kansas Sentencing Guidelines, Perciado's offense and criminal history score called for a presumptive prison term between 247 and 221 months. However, the district court granted both a dispositional and durational departure. Perciado was sentenced to 36 months of probation with Community Corrections Field Services with an underlying prison sentence of 59 months. The district court imposed a number of conditions on Perciado's probation including that he was to: (1) refrain from consuming or possessing drugs without a legal prescription; (2) report to Community Corrections and his Intensive Supervision Officer (ISO) as directed; and (3) obtain a drug and alcohol evaluation. The district court also noted it was concerned about evidence suggesting that Perciado was "not willing to follow the rules." Therefore, the district court stressed that it was imposing "a zero tolerance . . . on reporting" and emphasized that "[i]f you don't show up, the responsibility for that rests entirely upon you and the list of excuses will be zero." Perciado said he understood how strict the district court would enforce the requirement that he report according to his probation conditions.

In less than two months after being placed on probation, two warrants were filed against Perciado alleging various probation violations. On March 17, 2016, the district court held a hearing on Perciado's probation violations. At the hearing, Perciado admitted to the following probation violations: (1) on January 14, 2016, his urine tested positive for methamphetamine; (2) on or about January 12, 2016, he used methamphetamine; (3) on January 26, 2016, his urine again tested positive for methamphetamine; (4) on February 17, 2016, he failed to report to his ISO as directed; (5) on February 24, 2016, he failed to report to his ISO as directed in a violation notice; (6) he absconded from Community Corrections supervision; (7) he failed to attend peer mentoring as directed;

2

and (8) he failed to obtain a drug and alcohol evaluation as directed. The remaining alleged probation violations were withdrawn.

Perciado testified that he had problems with methamphetamine which directly contributed to his probation violations. Perciado argued that he should be allowed to enter an inpatient treatment program and a residential program rather than have his probation revoked. The district court revoked Perciado's probation and imposed the underlying sentence. In so holding, the district court noted that the substantial sentencing departure, just entered two months prior to the hearing, was conditioned on fairly strict rules. The district court reiterated it initially had concerns about Perciado complying with the required probation conditions and was candid about those concerns. Regardless, Perciado failed to show up for required meetings and evaluations, and failed to comply with other conditions of his probation. In concluding, the district judge found:

> "With regard to K.S.A. 22-3716, in subsection (c)(9), I will find that the safety of the public is jeopardized by leaving Mr. Perciado on probation, and also the welfare of the defendant is not served.
> "With regard to the specific findings, I will find that he was an A history, had a history of violent offenses; that the Court departed, but I did place Mr. Perciado on zero tolerance for not showing up, and he did not show up. I will find that he did abscond. I will find that he did not even avail himself, not only of treatment but not even the evaluation for that treatment, and continued to use dangerous substances. I cannot tolerate a person continuing to use in obvious violation of the conditions of probation. I cannot tolerate them just continuing to not show up, which is essentially the underlying offense here with the offender registration violation. Continuing to live in the community, I believe it poses a public safety risk. And it also does not serve his needs, by continuing to use meth."

In the journal entry, it was noted that the district court revoked probation pursuant to K.S.A. 2015 Supp. 22-3716(c)(8) because Perciado absconded. The journal entry also provided that the

3

"safety of the public is jeopardized due to the defendant's history and departure conditions were violated. Defendant absconded and did not show for drug/alcohol evaluation. Defendant's welfare will not be served by probation when he continues to use methamphetamine."

Perciado timely appeals.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY REVOKING PERCIADO'S PROBATION

On appeal, Perciado contends the district court's "findings under K.S.A. 22-3716 bypassing the standard sanctions in this matter and the denial of the defendant's request for reinstatement was an abuse of discretion."

The legal rules applicable to a probation revocation are straightforward. A district court's decision to revoke probation must be based on a factual finding that a condition of probation has been violated. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Once a probation violation is established, the decision to revoke probation rests in the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A district court abuses its discretion if the judicial action: (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Perciado bears the burden of showing an abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Perciado's first argument is that the district court abused its discretion in bypassing intermediate sanctions based on the court's findings that Perciado absconded, the safety of the public would be jeopardized by reinstating probation, and the welfare of Perciado would not be served by reinstating probation.

4

K.S.A. 2015 Supp. 22-3716(c)(1)-(2) requires the district court to impose penalties other than the underlying sentence on a defendant who violates the conditions of his or her probation for the first time unless certain exceptions apply. One such exception, K.S.A. 2015 Supp. 22-3716(c)(9), provides that the district court does not need to impose intermediate sanctions prior to imposing the underlying sentence if "the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." Another exception, K.S.A. 2015 Supp. 22-3716(c)(8), provides that the district court does not need to impose intermediate sanctions prior to imposing the underlying sentence if "the offender . . . absconds from supervision while the offender is on probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction."

Here, Perciado specifically admitted that he absconded from Community Corrections supervision. In light of this admission, the district court was not required to order intermediate sanctions. See K.S.A. 2015 Supp. 22-3716(c)(8); *State v. Hester*, No. 113,877, 2016 WL 1399094, at *2 (Kan. App. 2016) (unpublished opinion) (finding that a defendant could not argue he or she was entitled to intermediate sanctions after admitting he or she absconded).

Even without an admission of absconding, the district court did not abuse its discretion in finding that the safety of the public would be jeopardized and the welfare of Perciado would not be served by imposing intermediate sanctions. When a defendant challenges the district court's findings that public safety would be jeopardized or the welfare of the defendant would not be served by imposing intermediate sanctions, this court looks to: (1) whether the district court's findings were particular enough to satisfy the requirements of K.S.A. 2015 Supp. 22-3716(c)(9); and (2) whether there was substantial evidence to support the trial court's findings. See *State v. Littrell*, No. 111,119,

2015 WL 569412, at *3 (Kan. App. 2015) (unpublished opinion); *State v. Harding*, No. 110,677, 2014 WL 3630554, at *3 (Kan. App. 2014) (unpublished opinion).

The district court set forth with particularity its reasons for finding that the safety of the public would be jeopardized and the welfare of Perciado would not be served by imposing intermediate sanctions to satisfy the requirements of K.S.A. 2015 Supp. 22-3716(c)(9). To meet the particularity requirements of K.S.A. 2015 Supp. 22-3716(c)(9), the district court's findings must be distinct, as opposed to general, and must specifically discuss, and not imply, the connection between the reasons for revoking the defendant's probation and the danger the defendant poses to the public's safety or his own welfare. *State v. Miller*, 32 Kan. App. 2d 1099, 1102-03, 95 P.3d 127 (2004).

In the present case, the district court not only gave distinct findings why it was revoking Perciado's probation—his drug use, his inability to report to his ISO, his failure to attend a required drug and alcohol evaluation, etc.—it also explained that these specific findings were the reasons the safety of the public was jeopardized and the welfare of Perciado would not be served by leaving him on probation. "Thus, the findings in this case [are acceptable] in that they link [the defendant's] probation revocation with the specific language of the statute—the safety of the defendant and the public." *Harding*, 2014 WL 3630554, at *5.

There was substantial evidence supporting the district court's findings that the public safety would be jeopardized and the welfare of the defendant would not be served by imposing intermediate sanctions. This court reviews a district court's factual findings to ensure that they are supported by substantial evidence, which is evidence that a reasonable person would accept as sufficient to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012). Here, a reasonable person could conclude that the safety of the public would be jeopardized and the welfare of Perciado would not be served if Perciado were allowed back in the community while continuing to use

methamphetamine and that he would continue unrestrained in his actions due to his failure to follow essential conditions of probation. This failure to report, as required by his probation, was precisely what the district court feared would occur based on Perciado's past actions and the district court could reasonably conclude would inevitably continue in the future. Given that the court complied with the particularity requirements of K.S.A. 2015 Supp. 22-3716(c)(9) and its findings were supported by substantial competent evidence, the district court did not abuse its discretion by bypassing intermediate sanctions before revoking Perciado's probation.

Perciado also argues that the district court abused its discretion by revoking his probation because "the imposition of the prison sentence was not appropriate in achieving the goals of the Kansas Sentencing Guidelines." Perciado argues the evidence shows he was sincere with the district court, graduated sanctions would be better to address his addiction issues, he wanted to enter into an inpatient treatment program, and he "would probably be able to function within the parameters of probation through residential or other day-to-day supervision." Perciado claims that "[a]rguably, the needs of the defendant and the community would have been better addressed by placement back on probation with an emphasis on treatment."

Probation is granted as a privilege and is not a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, revocation is within the sound discretion of the district court. *Graham*, 272 Kan. at 4. Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the district court, then it cannot be said that the district court abused its discretion. *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009).

Perciado admitted to multiple violations of his probation. As a result, the decision to revoke probation rests in the sound discretion of the district court. *Graham*, 272 Kan.

at 4. We find nothing unreasonable about the district court's decision to revoke Perciado's probation. Within weeks of sentencing, Perciado had violated his probation numerous times. Perciado was warned and he acknowledged that there would be zero tolerance for failing to report according to the conditions of his probation. Yet Perciado failed to comply with multiple conditions of his probation.

Moreover, the district court did not act unreasonably in concluding that an inpatient treatment program or day-to-day supervision was not an appropriate alternative for Perciado. Perciado was previously ordered to obtain a substance abuse evaluation and failed to comply with that requirement. As a result, the district court could reasonably find that an inpatient treatment program would not be any more successful. Given Perciado's apparent lack of interest in abiding by the terms of his probation as well as the danger he could pose to the public, the district court reasonably concluded that Perciado was not an appropriate candidate for probation.

After considering Perciado's arguments, we hold that the district court did not abuse its discretion in revoking his probation and imposing his underlying sentence. Accordingly, we affirm.

Affirmed.