NOT DESIGNATED FOR PUBLICATION

No. 118,019

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC J. FOX,
*Appellant*.

MEMORANDUM OPINION

Appeal from Osage District Court; PHILLIP M FROMME, judge. Opinion filed July 27, 2018. Reversed and remanded with directions.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Brandon L. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and LORI A. BOLTON FLEMING, District Judge, assigned.

PER CURIAM: Following the second time Eric J. Fox was found guilty of violating his probation, the district court revoked his probation and bypassed intermediate sanctions of 120 or 180 days, as required by K.S.A. 2017 Supp. 22-3716(c)(1)(C)-(D). Fox appeals, asserting that the court's decision in revoking his probation did not meet the standard required by K.S.A. 2017 Supp. 22-3716(c)(9)(A). We agree and reverse and remand the case to the district court for compliance with the statute.

1

Fox pled no contest to one count of possession of methamphetamine. His criminal history placed him in a border box for sentencing purposes under the Kansas Sentencing Guidelines Act. The district court sentenced him to 30 months in prison, but released him to a 12-month term of probation.

A month later, on May 6, 2015, the State filed a motion to revoke Fox's probation, alleging Fox did not report to his supervising officer. He admitted the violation. The district court revoked Fox's probation, ordered him to serve a 3-day jail sentence, and extended his probation for 12 months from the date of the probation revocation.

The following month, the State filed a second motion to revoke Fox's probation. Nine months later, Fox was arrested on the probation revocation warrant. The district court ultimately found that Fox (1) gave false information about his address, (2) failed to report, (3) failed to pay costs, (4) failed to do community service work, and (5) failed to obtain a drug and alcohol evaluation. Fox argued that a 120- or 180-day sanction was appropriate according to K.S.A. 2017 Supp. 22-3716(c)(1)(C)-(D). Nevertheless, the district court revoked Fox's probation and ordered him to serve his underlying prison term of 30 months.

The district court relied on K.S.A. 2017 Supp. 22-3716(c)(9)(A), finding that public safety would be jeopardized and that Fox's welfare would not be served by imposing an intermediate sanction. The district court based its reason on Fox's inability and unwillingness to comply with the probation conditions. The district court also stated it would be a waste of time for the court and the government to allow Fox to continue his probation.

Fox timely appeals stating that the court failed to set forth with particularity the reasons for the revocation of his probation, as required by K.S.A. 2017 Supp. 22-3716(c)(9)(A).

## ANALYSIS

Fox claims that the district court abused its discretion in revoking his probation. He asserts that the court should not have bypassed intermediate sanctions requirements outlined in K.S.A. 2017 Supp. 22-3716(c), and that the court failed to support its ruling with particularity under K.S.A. 2017 Supp. 22-3716(c)(9)—that Fox's welfare would not be served by continuing his probation.

Whether the reasons set forth by the district court was particularized enough, as required by K.S.A. 2017 Supp. 22-3716(c)(9), is a question of law over which an appellate court exercises unlimited review. See *State v. McFeeters*, 52 Kan. App. 2d 45, 48-49, 362 P.3d 603 (2015). "When something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Furthermore, implicit determinations are not enough when a particularity standard is required by the statute. *State v. Miller*, 32 Kan. App. 2d 1099, 1103, 95 P.3d 127 (2004).

There are several provisions within subsection (c) of K.S.A. 2017 Supp. 22-3716 that allow sentencing judges to bypass intermediate sanctions when imposing a revocation of probation. See K.S.A. 2017 Supp. 22-3716(c)(8), (9). Here, the district court judge revoked Fox's probation by applying K.S.A. 2017 Supp. 22-3716(c)(9)(A), which states that probation may be revoked if "[t]he court finds and *sets forth with particularity the reasons* for finding that the safety of members of the public *will be jeopardized or that the welfare of the offender will not be served* by such sanction."

3

(Emphasis added.) To satisfy the particularity provision of the statute, the elements required are "(1) the findings must be distinct, not general, (2) the findings must be stated with attention and concern to the details, and (3) the district court must link the reasons for its action with the risk to public safety if it does not impose a prison sentence." *State v. Patton*, No. 117,115, 2018 WL 1247192, at *2 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* April 9, 2018. Here, the district court failed to establish the necessary link to the findings and its decision.

In bypassing any intermediate sanctions requested by Fox, the district court stated, in total:

> "I'm going to revoke his probation and order him to serve his sentence and determine that offender welfare will not be served by continuing him on probation. He has from the very start given false information, failed to report, failed to pay costs, failed to do community service work, failed to get a drug and alcohol evaluation. Those all are clear evidence that it's a waste of our time and the Court Service Office time and Community Corrections time to try to deal with somebody who has no intentions by the evidence presented here today to perform on probation."

Generally, merely stating prior criminal history is not a satisfactory finding that identifies a connection between the revocation of probation and the public safety. *State v. Wesley*, No. 111,261, 2015 WL 3868716, at *5 (Kan. App. 2015) (unpublished opinion). Furthermore, a conclusory remark about a probationer's unwillingness or inability to follow the probation terms is not enough to establish how the probationer's welfare would not be served by imposing intermediate sanctions. *McFeeters*, 52 Kan. App. 2d at 49. On the contrary, a district court's specific findings explaining the connection between the decision to revoke one's probation and why it would jeopardize the welfare of the probationer and society at large satisfied the particularity standard required by the statute. *State v. Harding*, No. 110,677, 2014 WL 3630554, at *5 (Kan. App. 2014) (unpublished

4

opinion); *State v. Meyer*, No. 111,406, 2014 WL 6676198, at *1-2 (Kan. App. 2014) (unpublished opinion). Here, the district court did not provide any causal reasoning during Fox's revocation hearing.

This court refrains from making inferences on the legally required explanations the district courts have failed to provide. *McFeeters*, 52 Kan. App. 2d at 49. Here, the judge failed to articulate why Fox's own welfare would not be served by imposing intermediate sanctions. The district court judge merely stated these facts and concluded that these findings were sufficient evidence to support that "it's a waste of *our* time and the *Court Service Office* time and *Community Corrections* time" to deal with a probationer who is not willing to conform to the probation terms. The district court judge did not provide any explanation regarding why he found that Fox's continued probation would not serve Fox's welfare or the public's welfare.

Although the district court's finding might have been distinct, it was not stated with attention and concern to the details and did not link the reasons for its action with the risk to Fox's welfare or public safety if a prison sentence were not imposed. Accordingly, we can reach no other conclusion than the court abused its discretion by failing to comply with the law related to graduated sanctions. K.S.A. 2017 Supp. 22-3716(c)(9)(A). The order of the district court requiring Fox to serve the balance of his prison sentence is vacated, and the case is remanded to the district court to either impose a 120-day sanction or a 180-day sanction as allowed by K.S.A. 2017 Supp. 22-3716(c)(1)(C) or (D), or make the necessary findings under K.S.A. 2017 Supp. 22-3716(c)(9)(A). The ruling that Fox violated the terms and conditions of his probation remains unaltered.

Reversed and remanded to the district court with directions.