NOT DESIGNATED FOR PUBLICATION

Nos. 117,794
117,795

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT D. BROWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed August 24, 2018. Reversed and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and LORI BOLTON FLEMING, District Judge, assigned.

PER CURIAM: Defendant Robert D. Brown appeals the orders of the Sedgwick County District Court revoking his probation in two cases and directing that he serve the underlying prison sentences. The district court bypassed any intermediate sanctions for the probation violations on the grounds they would be detrimental to the public safety and would not foster Brown's long-term welfare. But the district court failed to "set forth with particularity the reasons" for its conclusion, as required in K.S.A. 2017 Supp. 22-

1

3716(c)(9)(A). We, therefore, reverse and remand with directions that the district court either enunciate particularized reasons for revoking probation or reinstate Brown and impose intermediate sanctions.

We briefly outline the factual and procedural history leading to the probation revocation. Brown forced his way into a neighbor's house in early August 2016. He took some food and apparently struck a child with the front door as he entered. Brown was charged with aggravated burglary, misdemeanor theft, and misdemeanor battery several days later and was quickly arrested. While being held in the Sedgwick County jail as a pretrial detainee, Brown made threatening statements to a jailer. Brown was charged with felony criminal threat.

Brown's lawyer and the State worked out an agreement calling for Brown to plead guilty to the aggravated burglary and the criminal threat charges with a joint recommendation for the high presumptive guidelines sentences to be served consecutively and for a dispositional departure to probation. Brown had a criminal history score of A, as the result of several convictions for violent felonies including second-degree murder. Brown pleaded guilty in late January 2017, and the district court sentenced him in early March. Consistent with the plea agreement, the district court sentenced Brown to a 172-month prison term for the aggravated burglary conviction with probation for 36 months and a consecutive 17-month prison term for the criminal threat conviction with probation for 12 months.

During the plea and sentencing process, Brown's lawyer informed the prosecutor and the district court that Brown had a chronic substance abuse problem. She provided the prosecutor with hospital records showing Brown had PCP and marijuana in his system not long before the aggravated burglary.

2

In April 2017, the State filed a warrant to revoke Brown's probation, citing his failure to participate in substance abuse treatment and his positive test for PCP and marijuana, among other grounds. Brown was promptly taken into custody, and the district court held a joint revocation hearing on April 20 for both cases.

At the hearing, Brown stipulated to the violations and requested another chance on probation. The prosecutor argued against continuing Brown's probation, given his extensive criminal history, the crimes of conviction, and the admitted violations. The district court rejected intermediate sanctions for the probation violations, revoked probation, and ordered Brown to serve the prison sentences in both cases. The district court relied on K.S.A. 2017 Supp. 22-3716(c)(9)(A) to dispense with any sanctions. The statute permits a district court to bypass an intermediate sanction in favor of revocation and incarceration on any underlying prison sentence if it "finds and sets forth *with particularity* the reasons . . . the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." (Emphasis added.) K.S.A. 2017 Supp. 22-3716(c)(9)(A). The district court explained its decision to revoke this way:

> "Essentially for this particular defendant, given his criminal history, using PCP is beyond what the Court—what the legislature considered and puts the defendant at risk and puts the public at risk.
>      "All right. So with that being said, number one, the Court agrees with Mr. Glasser, that given the defendant's criminal history, given the nature of the crimes in this case, given the probation violations with the use of the PCP, independently of the plea agreement, that the safety of the members of the public will be jeopardized or the welfare of the defendant would not otherwise be served by keeping him on probation."

Brown appealed in each case, and we have consolidated the appeals.

When a defendant stipulates to probation violations, as Brown has in these cases, we review the district court's disposition of the violations for abuse of judicial discretion. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

As required by K.S.A. 2017 Supp. 22-3716(c)(9)(A), the district court had an obligation to make particularized findings discarding any intermediate sanction and warranting the revocation of Brown's probation. Whether findings satisfy that statutory requirement is a question of law affording appellate courts unfettered latitude in fashioning an answer. See *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015). We have characterized that sort of particularity as demanding a pronouncement that "must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Implicit findings—however reasonable they might be in a given case—cannot hone otherwise general statements to the sharpness required when a statute demands particularity. *State v. Miller*, 32 Kan. App. 2d 1099, 1103, 95 P.3d 127 (2004).

The district court found that Brown had used PCP—he admitted testing positive for the drug and didn't dispute the test results. But that alone didn't explain with particularity why an intermediate sanction would impinge on public safety or fail to serve Brown's welfare. The district court's generic references to Brown's criminal history and the "nature" of his convictions in these cases don't add any specificity. As they stand, those comments could be made in virtually any revocation hearing. The district court said nothing about what in particular in Brown's criminal history or in the circumstances of

4

the aggravated burglary or the criminal threat justified a bypass of an otherwise mandated intermediate sanction. The district court's failure to do so amounts to a deviation from the appropriate legal framework and, thus, an abuse of discretion. The error requires a remand to the district court.

Having reviewed the record, including Brown's criminal history, we likely could construct a particularized argument supporting revocation and incarceration over intermediate sanctions. We probably could make a decent argument for sanctions, as well. But either course would be the antithesis of an abuse of discretion standard, since we would be substituting our judgment for the insufficiently articulated judgment of the district court. District courts are expected to exercise their prudential decision-making on sentencing matters, including probation revocations, in the first instance.

We mention briefly arguments Brown has raised on appeal apart from the lack of particularity of the district court's findings on revocation and incarceration. He contends the prosecutor erred in referring to his use of PCP around the time of the aggravated burglary because the hospital records had not been offered or admitted as an exhibit at the revocation hearing and there was no other evidence presented to that effect. At the hearing, Brown's lawyer acknowledged Brown's use of PCP in 2016. The lawyer, of course, had already provided that information to the prosecutor. Defense counsel had urged the district court to grant probation to Brown despite his significant criminal history, citing his ongoing abuse of illegal drugs and alcohol as a substantial mitigating factor. We see no prosecutorial error under those circumstances.

Along the same line, Brown contends the district court impermissibly relied on his use of PCP in 2016 in deciding to revoke his probation. First, the district court's reference to Brown's PCP use is inscrutable in that respect. The comment could refer only to the drug test result identified in the warrant to revoke—a violation Brown admitted at the hearing. But maybe not. That lack of clarity is part of the problem with the district court's

findings. Even if the district court meant to include Brown's earlier PCP use, we don't see an error here. Brown's lawyer didn't dispute the point and, in candor, could not. Pertinent here, a defendant's persistent use of PCP could be a specific consideration weighing against an intermediate sanction if it were appropriately incorporated into a particularized rationale based on public safety or the defendant's welfare.

Brown also challenges a provision in the plea agreement waiving any intermediate sanctions if he admits a probation violation or is found to be a violator. The district court noted but did not rely on that provision in revoking Brown's probation and imposing the prison sentences. Although we have doubts about the validity of the agreement, we need not decide the issue, since the district court disclaimed the provision as a factor in its ruling. The Legislature adopted the intermediate sanctions in part to limit the State's prison population and not merely to give convicted criminals on probation a break, so public policy considerations may counsel against a defendant's ability to waive the requirements of K.S.A. 2017 Supp. 22-3716. But that really is another question for another day.

We reverse the revocation of Brown's probation and remand to the district court with directions that it either make the particularized findings required under K.S.A. 2017 Supp. 22-3716(c)(9)(A) to justify revoking and imprisoning Brown or impose a permissible intermediate statutory sanction.