NOT DESIGNATED FOR PUBLICATION

Nos. 116,784
116,938

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE TALBERT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed November 17, 2017. Reversed and remanded with directions.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Katherine Gilman*, legal intern, *Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN, J., and KEVIN P. MORIARTY, District Judge, assigned.


PER CURIAM: Jesse Talbert appeals the revocation of his probation in two separate cases, claiming that the district court erred in failing to impose an intermediate sanction before revoking his probation. The district court attempted to circumvent any intermediate sanctions by finding that Talbert's welfare would not be served by imposing such a sanction. But because the district court failed to make particularized findings as required by statute in order to apply this exception, we must reverse the probation revocation order and remand for further proceedings.

1

On June 2, 2014, the State charged Talbert in 14CR1321 with aggravated burglary and theft. Then, on February 18, 2015, the State charged Talbert in 15CR538 with possession of methamphetamine. On June 10, 2015, Talbert pled guilty to all charges in both cases. At the sentencing hearing on July 15, 2015, the district court imposed a controlling sentence of 41 months' imprisonment in 14CR1321, and a concurrent sentence of 24 months' imprisonment in 15CR1321. The district court granted Talbert's motion for a dispositional departure to probation for 36 months.

On November 23, 2015, the State filed a warrant alleging that Talbert violated the conditions of his probation. Specifically, the warrant alleged that Talbert (1) failed to report to his court services officer, (2) failed to obtain an alcohol/drug evaluation, (3) failed to provide proof of employment, and (4) failed to pay court costs.

At a hearing on October 7, 2016, Talbert admitted to all the allegations in the warrant. The State asked the district court to revoke Talbert's probation because his welfare was not being served on probation and because he was an absconder. Talbert's counsel first argued that the warrant did not allege that Talbert had absconded and he did not admit to being an absconder. Counsel then argued that Talbert's welfare would not be served by revoking his probation. Talbert spoke at the hearing and asked the district court for leniency so he could continue to see his children and work as an electrician. Finally, Talbert apologized for missing his meetings with his probation officer.

After hearing the arguments, the district court revoked Talbert's probation and ordered him to serve his underlying prison sentence in each case. Specifically, the district court stated:

"Well, these are both—one is a presumptive prison case and one is border box. It was essentially presumed prison. I admire your work ethic. I admire the fact that you are taking care [of] your family. But clearly I placed you on probation in July and you kind of bailed out and didn't do what you were supposed to do.

"Like I said, it's short. I got you missed a meeting. You got scared. That makes sense to me. That's kind of a human reaction. I think the employment and allegations in Paragraph 4 didn't bother me as I know the drug and alcohol evaluations aren't available at the drop of a hat. If that took a little bit of time to line up, I can understand that.

"The one that concerns me the most is that you failed to report. I ordered very clearly to have you report. I can't have you rewriting the rules, come up reporting when you choose. I can't have people doing probation that way. If I have people doing probation that way, it just won't work.

. . . .

"The question at this point is what to do. I can reinstate you, but actions kind of speak louder than words here. Mr. Talbert, your behavior here on probation has been I'm just not going to be where I need to be. I'm not going to report and months, almost a year goes by. I just won't show up. If you had turned yourself in, maybe that would make a difference, but you didn't. If you had [not] been arrested, you would still be out in the community not doing what you were clearly ordered to do.

"The second order after paying the court costs is to report. So I think reinstating you would be pointless. You expressed by your behavior how you regard the Court's order. It's unfortunate that you have put yourself and your family in this position.

"So I'm going to find pursuant to 22-3716 subsection (c)(9) that the welfare of the offender is not served by any intermediate sanctions. If this had been a short time that he had not reported, yeah, two-day quick dip or something might be appropriate here, but clearly Mr. Talbert has made the decision that he will not participate in probation. So I don't believe this Court has any choice but to revoke the order of probation and impose the underlying sentence."

The journal entry in each case confirmed that the district court revoked Talbert's probation without imposing an intermediate sanction pursuant to K.S.A. 2016 Supp. 22-3716(c)(9). Talbert timely filed a notice of appeal, and the cases have been consolidated on appeal.

3

On appeal, Talbert claims the district court erred in failing to impose an intermediate sanction before revoking his probation and ordering him to serve his underlying prison sentences. Talbert argues that the district court failed to state with particularity how his welfare would not be served by imposing an intermediate sanction, as required by K.S.A. 2016 Supp. 22-3716(c)(9). He also argues that the district court could not circumvent intermediate sanctions by finding that he was an absconder.

The State argues that the district court properly exercised its discretion when it applied the exception under K.S.A. 2016 Supp. 22-3716(c)(9) and sufficiently articulated why Talbert's welfare would not be served by the imposition of an intermediate sanction. In particular, the State argues that "[w]hile the court did not articulate an itemized list of factors it relied upon in reaching its conclusion, the basis for its determination may be properly deduced from the remarks made at the probation violation hearing when the court announced its decision." Finally, the State asserts that Talbert's absconder argument has no bearing on this appeal because the district court did not revoke Talbert's probation based on an absconder finding.

The procedure for revoking Talbert's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of

K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). But pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), the court may revoke an offender's probation without imposing intermediate sanctions if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the offender will not be served by imposing such a sanction. Whether the district court's reasons are sufficiently particularized as required by statute is a question of law over which an appellate court has unlimited review. See *State v. McFeeters*, 52 Kan. App. 2d 45, 47-48, 362 P.3d 603 (2015).

As a preliminary matter, we agree with the State that Talbert's absconder argument has no bearing on this appeal. K.S.A. 2016 Supp. 22-3716(c)(8)(B) allows a district court to revoke a defendant's probation without having previously imposed an intermediate sanction if the offender absconds while on probation. But here, the State never alleged in the warrant that Talbert had absconded from probation, and the district court did not revoke Talbert's probation based on a finding that he was an absconder.

Instead, the district court revoked Talbert's probation without first imposing an intermediate sanction based on the "offender welfare" exception set forth in K.S.A. 2016 Supp. 22-3716(c)(9). That subsection provides:

> "The court may revoke the probation, assignment to a community correctional
> services program, suspension of sentence or nonprison sanction of an offender pursuant
> to subsection (c)(1)(E) without having previously imposed a sanction pursuant to

5

subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) if the court finds and *sets forth with particularity* the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." (Emphasis added.)

Talbert argues that the district court failed to state with particularity how his welfare would not be served by imposing an intermediate sanction, as required by K.S.A. 2016 Supp. 22-3716(c)(9). Talbert cites *McFeeters* to support his claim. In that case, the defendant was on probation following his conviction of possession of methamphetamine, and he admitted to violating his probation by testing positive for drugs. The district court revoked the defendant's probation and ordered him to serve his prison sentence, finding that "public safety or offender welfare" would not be served by imposing another sanction. 52 Kan. App. 2d at 47. Specifically, the district court stated:

"'My major concern is drug usage. This is a drug case; you've failed to go to treatment. You only reported from the records that I see for about two months and I don't know how many UAs you had in two months, but I would venture to say you didn't have that many. You had one that you were dirty, you may have had more, I don't know how many you had. That was one question I was going to ask Mr. James, unfortunately, he is not here today, but you stopped reporting in two months. I don't know about the drug treatment and what was set up and whether you could get in right away or not, but it seems to me if you had been on probation before, you knew what you needed to do, you did not do that, you picked up another charge in the meantime, albeit a minor charge, apparently, the municipal court charge, but I do have concerns. I read through last night your LSI-R report and the substance abuse evaluation and I think there was some question in the substance abuse evaluation how accurate your recollection was with regard to your usage of drugs. I think that there was some conflicts, at least the evaluator believed that you said different things different times as to your drug usage, but definitely the recommendation was for completion of the intensive outpatient treatment program which you did not do.'" 52 Kan. App. 2d at 47.

6

On appeal, this court determined that when the law requires a court to make findings and state them with particularity, the findings must be distinct rather than general, giving exact descriptions of all details. *McFeeters*, 52 Kan. App. 2d at 48. Further, this court emphasized that implicit findings are insufficient when particularized findings are required by statute. 52 Kan. App. 2d at 48-49. This court stated that when seeking to avoid intermediate sanctions under the "public safety or offender welfare" exception, the district court must explicitly address *how* the public's safety would be jeopardized or *how* the offender's welfare would not be served by the imposition of intermediate sanctions. 52 Kan. App. 2d at 49. The *McFeeters* court ultimately concluded that the district court's findings were not set forth with particularity as required by the statute in order to revoke the defendant's probation. 52 Kan. App. 2d at 49.

Our court's decision in *McFeeters* was based on prior decisions of this court, going back several years, which consistently held that when a statute requires particularized findings, the findings must be distinct rather than general, with exactitude of detail, and that implicit findings are insufficient when particularized findings are required by statute. See, e.g., *State v. Miller*, 32 Kan. App. 2d 1099, 1102-03, 95 P.3d 127 (2004) (interpreting statute that required community corrections to be considered before probation could be revoked unless court made particularized findings); *State v. Huskey*, 17 Kan. App. 2d 237, 240, 834 P.2d 1371 (1992) (interpreting statute that required sentence modification unless court made particularized findings).

Following the *McFeeters* decision, this court has held many times that when a district court does not explicitly address *how* the defendant's welfare will be better served by revoking probation instead of imposing an intermediate sanction, the district court does not comply with the particularity requirement of K.S.A. 22-3716(c)(9). See, e.g., *State v. Jackson*, No. 113,654, 2016 WL 2609638, at *6 (Kan. App. 2016) (unpublished opinion); *State v. Kilpatrick*, No. 111,055, 2015 WL 1123021, at *7 (Kan. App. 2015)

7

(unpublished opinion), *aff'd* 306 Kan. 883, 399 P.3d 220 (2017); *State v. Lane*, No. 111,110, 2015 WL 802739, at *4 (Kan. App. 2015) (unpublished opinion).

Returning to our facts, in revoking Talbert's probation and ordering him to serve his underlying prison sentences, the district court emphasized that Talbert failed to report to his probation officer for almost a year and that probation could not possibly work if Talbert would not even report as directed. This finding makes perfect sense. But while the district court made the conclusory statement that Talbert's welfare would not be served by imposing intermediate sanctions, the district court failed to explicitly state *how* revoking Talbert's probation and sending him to prison, instead of imposing an intermediate sanction, would serve Talbert's welfare.

The State's brief essentially concedes that the district court's probation revocation order was based on implicit findings, rather than explicit findings, when it argues that the basis for the district court's determination "may be properly *deduced* from the remarks made at the probation violation hearing when the court announced its decision." Consistent with this court's analysis in *McFeeters* and the many other cases cited in this opinion, we must conclude that the district court did not set forth with sufficient particularity the reasons for finding that Talbert's welfare would not be served by imposing intermediate sanctions, as required by K.S.A. 2016 Supp. 22-3716(c)(9).

For the sake of completeness, we are aware that effective July 1, 2017, the Kansas Legislature amended K.S.A. 22-3716(c)(9) to provide that a district court need not impose an intermediate sanction before revoking a defendant's probation if the probation initially was the result of a dispositional departure. L. 2017, ch. 92, § 8. Because neither party has argued in their briefs whether this new amendment can apply to Talbert's pending case, we will not address that issue in this opinion.

8

In sum, because the district court's findings were not set forth with particularity as required by K.S.A. 2016 Supp. 22-3716(c)(9), we conclude the district court erred when it revoked Talbert's probation and imposed his underlying prison sentences. Thus, we reverse the district court's probation revocation order and remand for a new probation revocation hearing. At that hearing, the district court must either impose an intermediate sanction or set forth with particularity its reasons for finding that Talbert's welfare will not be served by imposing such a sanction.

Reversed and remanded with directions.