NOT DESIGNATED FOR PUBLICATION

Nos. 117,030
117,031

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALONZO D. OWENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed January 26, 2018. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and TIMOTHY L. DUPREE, District Judge, assigned.

PER CURIAM: Alonzo D. Owens contends that the district court erred in revoking his probation. Finding no error, we affirm.

*Factual and procedural background*

Owens pleaded guilty to the charge of aggravated battery with use of a handgun for an April 2014 offense and was informed of his duty to register. He was sentenced to

1

an underlying prison term of 14 months and was given 24 months' probation. In May 2015, the State issued a warrant alleging at least nine violations of Owens' probation. Those violations included testing positive for several illegal drugs, admitting to using illegal drugs, and falsifying information to his probation officer by saying he had completed a drug and alcohol evaluation when he had not.

Before disposition on the May 2015 allegations, another warrant issued for Owens in September 2015 for a new felony crime—an offender registration violation. Following Owens' plea of guilty to that new charge he was sentenced in October 2015 to a 36-month underlying prison term and was given 24 months' probation with community corrections. This sentence was to be served consecutive to 12 months in jail in 12 TR 14380, consecutive to 14 months in 14 CR 826 (the aggravated battery with a handgun conviction), and consecutive to 12 months in jail in 14 CR 1271.

Also in October 2015, Owens was found to have committed a new crime (the registration violation), as well as numerous violations of the conditions of his probation (the May 2015 allegations). Owens was given a "quick dip," a three-day jail sentence, and a 24-month extension of his probation in 14 CR 826 to begin on October 29, 2015.

In December 2015, a new warrant issued for Owens alleging eight probation violations. The violations related to employment, failure to pay fees, failure to be home for scheduled visits, and failure to complete a drug and alcohol evaluation as ordered in October 2015. On January 5, 2016, the district court found Owens had violated his probation and gave him another quick dip and ordered him into a residential community corrections program.

In November 2016, yet another warrant issued for Owens. This warrant alleged seven probation violations related to providing false information to his probation officer, violating his curfew, failing to start a batterers' intervention program, failing to complete

2

a drug and alcohol evaluation, and testing positive for illegal drugs. On November 22, 2016, the district court revoked Owens' probation and ordered him to serve his underlying sentences, reasoning that Owens' welfare was not served by probation. Owens appeals this probation revocation.

*Did the district court abuse its discretion by revoking Owens' probation and imposing the underlying prison sentence?*

Owens contends that the district court should have followed the statutory provisions of K.S.A. 2016 Supp. 22-3716(c), requiring graduated sanctions before imposing his underlying jail sentences. The relevant statute provides that a court may revoke probation and impose the underlying sentence without having previously imposed graduated sanctions, "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction." K.S.A. 2016 Supp. 22-3716(c)(9). Owens contends that the district court abused its discretion by failing to set forth with sufficient particularity its findings that his welfare would not be served by continuing on probation.

We review the district court's imposition of the underlying jail term for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Owens bears the burden of showing that abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

To satisfy the particularity provision, the court's findings must be specific and must contain sufficient detail. *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Mere conclusory statements regarding probation violations do not meet the

3

particularity requirement of the statute. *State v. McFeeters*, 52 Kan. App. 2d 45, 48-49, 362 P.3d 603 (2015). Instead, the district court must state the connection between the reasons for revoking the defendant's probation and the danger the defendant poses to the defendant's welfare or to public safety if he or she remains on probation. *State v. Miller*, 32 Kan. App. 2d 1099, 1102-03, 95 P.3d 127 (2004).

At the November 2016 probation revocation hearing, after hearing testimony and arguments, the district judge discussed Owens' history of probation violations and then announced his intent to revoke Owens' probation and impose the underlying sentence, stating:

> "[Y]ou were back to using cocaine. And that's over the course of these cases. That's the third time, and I guess I would scratch my head and ask myself, is this the type of performance that I expect to see on probation after this long? It also concerns me greatly that your probation officer, of all people, can't depend on you to tell her the truth. It's not just once. It's more than once. Fudging the truth is not okay with me when it comes to your ISO. You know that.
>
> "If this was the first time before the Court, it might be different, but it's not. Mr. Edwards makes a point. We got people who are willing to participate in the process of probation. They are not perfect any more than you are or I am, but they are willing to work the program and you are not. You are clearly not.
>
> . . . .
>
> "[Y]ou are entitled to an explanation of what I'm thinking. . . .
>
> "This is not a case where I think that probation is going to ever succeed. I don't see that. I'm not saying it's without success in some spots. Obviously you completed residential and that, I suppose, is laudable, but it's a situation where you are continuing to violate. There are different violations here. Even if some of these can be explained, clearly some of them cannot.
>
> "So I will revoke probation. I will impose the underlying sentences. I will find pursuant to 22-3716(c)(9) that the welfare of the offender will not be served by intermediate sanctions. Specifically, I am going to find that he is consistent, over time,

with using illegal substances. In October of 2015, it was methamphetamine and marijuana and cocaine.

"In January of 2016, I don't believe there was any drug use, but there was a failure to get the drug and alcohol evaluation. June of 2016 you served a quick dip for methamphetamine use again. And, finally, here, we had use of cocaine in this warrant. So, unfortunately, Mr. Owens has not successfully completed probation.

"So I will revoke probation, impose the underlying sentence based on finding that the welfare of the offender will not be served by such sanctions with regard to drug use. That will be the order of the Court."

The district court articulated that Owens had used cocaine, methamphetamine, and marijuana within one year of being placed on probation; that he had used methamphetamine within eight months of that violation; and that he had used cocaine within five months later. The district court specifically found that Owens continually violated the terms and conditions of his lengthy probation through his use of illegal substances and in numerous other ways, had lied to his probation officer, and had repeatedly demonstrated his unwillingness to "work the program." The district court noted Owens' overarching lack of success during his lengthy probation, despite having been given multiple chances to succeed.

We reject Owens' suggestion that to meet the particularity requirement the district court had to explain how defendant's acts caused specific health or safety threats to Owens' future or to his family. The statute requires that the court set forth with particularity the reasons for finding that the *safety* of members of the public will be jeopardized *or* that the *welfare* of the offender will not be served by such sanction. The district court relied on the latter clause here, not the former. "Welfare" is broadly defined as "[w]ell-being in any respect." Black's Law Dictionary 1828 (10th ed. 2014). Jailing the defendant for a short time and then releasing him to serve the remainder of his probation was not in defendant's welfare for the reasons articulated by the district court.

5

Affirmed.