NOT DESIGNATED FOR PUBLICATION

Nos. 117,158
117,159

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CALVIN GRIMES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed March 9, 2018. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and LEBEN, JJ.

PER CURIAM: Calvin Grimes pled guilty to two counts of burglary, two counts of theft, and one count of possession of marijuana in case No. 15CR3133. The district court sentenced him to 24 months' probation with an underlying 26-month prison sentence. Later, in case No. 16CR1355, Grimes pled guilty to misdemeanor theft and the court sentenced him to a one-year term probation with an underlying 12-month jail sentence to run consecutive to 15CR3133. The district court revoked his probation and imposed the total 38-month sentence. Grimes timely appeals. We affirm.

1

On November 3, 2015, the State filed case No. 15CR3133 charging Grimes with two counts of burglary, two counts of theft, and one count of possession of methamphetamine, all of which were felonies. On November 17, 2015, Grimes and the State submitted a plea agreement to the district court. In exchange for his pleading guilty as charged, the State agreed to recommend the low number in the sentence grid box, request that the sentences run concurrently, and recommend that Grimes receive probation. The State also agreed not to pursue charges in the Sedgwick County Sheriff's case No. 15s011413 and Grimes agreed to pay restitution on all charges, including the Sheriff's case.

Grimes was released from jail on his own recognizance with instructions to report to pretrial services the following day. He was required to remain drug and alcohol free and submit to random breath or urine tests. On December 15, 2015, the district court issued a bench warrant following allegations that Grimes had violated the conditions of pretrial services by submitting a urine sample that tested positive for meth/amphetamines and THC. The sample was confirmed positive for meth/amphetamines on December 14, 2015.

As agreed, at sentencing, the State recommended the low box number for all counts: 11 months for the burglaries, 5 months for the thefts, and 10 months for possession of methamphetamine. The State further recommended that Grimes be released on probation after serving 60 days in jail for violating the terms of pretrial services. Grimes requested that the district court follow the plea agreement. The district court stated that there was no way it was going to grant the plea recommendation, noting that Grimes violated the conditions of pretrial services in only three weeks.

The district court sentenced Grimes to 13 months, the aggravated sentence, for both burglaries, to run consecutively, giving him a 26-month underlying sentence. It further sentenced him to 6 months for each theft charge and 11 months for possession of

2

methamphetamines. The district court granted Grimes a 24-month term of probation beginning with 60 days in work release. Work release was not a punishment but an opportunity for stability before getting out of jail as the court was concerned about Grimes' substance abuse issues.

Grimes completed work release on March 21, 2016, but he failed to report to probation intake as directed. The district court issued a bench warrant on April 1, 2016. He was arrested on May 3, 2016. On May 17, 2016, the State filed case No. 16CR1355, charging Grimes with a misdemeanor theft that had occurred on October 15, 2015. At his probation violation hearing, Grimes admitted to the allegation that he did not report to his probation officer upon release from work release. His probation officer recommended reinstatement of his probation. The State recommended that he remain in custody until a bed was available at the community corrections residential center. Grimes, however, requested a two-day "quick dip" then reinstatement of his probation so he could live with his father who had a job lined up for him. The court asked Grimes about his whereabouts from March 21, 2016, through May 3, 2016, and he replied he was in the streets running around but he was now ready to get his life together. The court pointed out that Grimes had said that same thing four months earlier at sentencing. Grimes was ordered to complete a two-day quick dip followed by up to a 60-day sanction, during which he could be released upon availability of residential bed space. The court noted that Grimes' track record was horrible and he had shown he did not go where he was supposed to when he was not in custody.

The district court then accepted Grimes' guilty plea to misdemeanor theft in No. 16CR1355. The parties agreed to a 12-month underlying sentence with a one-year probation term. The No. 16CR1355 sentence was to run consecutive to the No. 15CR3133 sentence. The court further ordered Grimes to pay $500 in restitution.

Grimes went from the county jail to the community corrections residential center on May 26, 2016. On July 5, 2016, he signed out of the residential center and failed to return. The court issued a warrant. Grimes was arrested on August 12, 2016. The State subsequently charged him with aggravated escape from custody in case No. 16CR2129.

On October 5, 2016, Grimes admitted to the probation violation. In giving its recommendation, the State pointed out that Grimes had been given several opportunities but continued violating the different levels of supervision. The State asked the court to make findings that Grimes had committed a new crime and impose the underlying sentence. However, Grimes requested a 180-day "soak" with the Kansas Department of Corrections (KDOC) because he had only previously received a quick dip. Grimes believed that with his losing battle against addiction, the shock time in KDOC custody would help him change his path. The district court made an initial finding that Grimes had committed a new crime—escape from custody—and revoked his probation.

The district court also made secondary findings for the sake of public safety and Grimes' welfare regarding his nonamenability to probation and the inability to deal with his addiction. The court found that Grimes continued violating his probation by not following the rules and structures in place. The court considered the 180-day soak but declined because KDOC tended to cut sanction time in half. Further, because Grimes had a hold on him for case No. 16CR2129, the sanction would likely be served in the county jail, which would defeat the legislative purpose of shock value of incarceration in the penitentiary. For KDOC to take Grimes into its custody for the sanction, the court would have had to reduce the bond for No. 16CR2129, which it found was contrary to the interest of public safety and Grimes' welfare. Further, the district court noted that for the period of incarceration, the court would know his whereabouts and he would not have access to drugs. Grimes timely appeals the revocation of his probation and imposition of his sentences.

4

Revocation determinations typically involve a retrospective factual question of whether a probationer violated a condition of probation and a discretionary determination of whether the violation warrants revocation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008) (quoting *Black v. Romano*, 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 [1985]). Revocation determinations rest within the sound discretion of the district court. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016). A district court acts arbitrarily, fancifully, or unreasonably when it adopts a view that no reasonable person would adopt. *Davisson*, 303 Kan. at 1065. The movant bears the burden of proving the abuse of discretion. 303 Kan. at 1065. Whether a district court properly imposed a sentence after a probation revocation is a question of law, over which we exercise de novo review. *McFeeters*, 52 Kan. App. 2d at 47-48.

The district court revoked Grimes' probation and imposed his underlying sentences under K.S.A. 2017 Supp. 22-3716(c)(8) and (9). Its initial findings were made in accordance with K.S.A. 2017 Supp. 22-3716(c)(8)(A), which permits the court to revoke an offender's probation without the use of graduated sanctions when the offender commits a new felony or misdemeanor. The court's secondary findings were made in accordance with K.S.A. 2017 Supp. 22-3716(c)(9), which permits probation revocation without use of graduated sanctions if the court finds that use of sanctions will either jeopardize the safety of the public or the welfare of the offender will not be served by the sanction.

Grimes contends the district court failed to make sufficient findings as to how revocation and imposition of his underlying sentences would serve the public interest or the purposes of sentencing. He alleges that because the court summarily dismissed his arguments for graduated sanctions, the imposition of his sentences was unreasonable.

5

Grimes asserts that his drug addiction fueled his behaviors, and without rehabilitative services he is unlikely to become a productive member of society upon release. Because of Grimes' need for substance abuse treatment, which is most effectively provided while on probation, he contends the district court's revocation and imposition of his sentences was unreasonable.

*K.S.A. 2017 Supp. 22-3716(c)(8)(A)*

K.S.A. 2017 Supp. 22-3716(c)(8)(A) permits revocation upon a finding that the offender committed a new felony or misdemeanor. Violations of probation must be established by a preponderance of the evidence. See *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016) (quoting *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 [2006]). A preponderance of the evidence exists when the evidence shows that the violation is more likely true than not. *Lloyd*, 52 Kan. App. 2d at 782. When the act that violated the condition of probation is a crime, revocation is proper even if the offender is never charged or convicted. See *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007).

Grimes admitted that on July 5, 2016, he signed out of the community corrections residential center and failed to return. Because of his pending charges, his admission was for the sake of the probation violation only. His admission was sufficient for the finding by a preponderance of the evidence that he had violated his probation. Further, the actions to which he admitted constituted the basis for the crime of aggravated escape from custody, which he had been charged with in case No. 16CR2129. Conviction is not necessary for the district court's finding by a preponderance of the evidence. With such a finding, the court could revoke Grimes' probation under K.S.A. 2017 Supp. 22-3716(c)(8)(A) with no graduated sanctions previously imposed. The district court's findings were sufficient to support the revocation of Grimes' probation and imposition of his sentences.

6

*K.S.A. 2017 Supp. 22-3716(c)(9)*

For a district court to revoke probation under K.S.A. 2017 Supp. 22-3716(c)(9), it must make findings, with particularity, as to why sanctions will jeopardize the safety of the community or why sanctions will not serve the welfare of the offender. The court's findings must be "distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). "[T]he district court must state the connection between the reasons for revoking the defendant's probation and the danger the defendant poses to the defendant's welfare or to the public safety if he or she remains on probation." *State v. Owens*, No. 117,030, 2018 WL 560951, at *2 (Kan. App. 2018) (unpublished opinion) (citing *State v. Miller*, 32 Kan. App. 2d 1099, 1102-03, 95 P.3d 127 [2004]).

Here, the district court made secondary findings that continued probation would jeopardize the safety of the community and was contrary to Grimes' welfare. In making its findings, the court briefly reviewed the significant events of the case, noting that this violation was his third in eight months resulting from his refusal to follow the rules and structure of probation. The court further noted that with the violations that resulted in the issuance of warrants, Grimes remained on warrant status for approximately one month.

The district court relied on Grimes' inability to deal with his substance abuse issues and continued violations as the reasons for the risk to the community. The court noted Grimes' "history of not remaining where he needed to be" was part of the finding of his being a threat to the safety of the community. Further, even though lowering the bond for No. 16CR2129 was the only way for the 180-day soak to take place in KDOC custody, the court found that doing so would be a risk to public safety. The justification

7

for public safety was too general; it lacked particularity. The district court never stated the connection between Grimes' probation violations and risk to the community.

However, the district court detailed the reasons why continued sanctions would not serve Grimes' welfare. The court pointed out that Grimes previously related his ongoing issues to his addiction to methamphetamine and marijuana as well as issues in his personal life. Grimes had not dealt with his addiction issues while on probation. The court sentenced him to a 60-day sanction in the work release program, not as a punishment but as a chance for him to succeed. It stated work release would give him the stability he needed because he did not have much of a support structure. Though he was successful in the program, he failed to report to his probation officer upon release. Throughout the different levels of supervision, Grimes had demonstrated an inability to obey the rules, structure, and reporting requirements.

The district court had considered the 180-day soak in KDOC custody, but it declined because Grimes would not actually serve the time in KDOC. Because the time would not be served in KDOC, there would be no actual shock value. The court was further concerned that KDOC had the ability and tendency to cut sanction times in half. Ultimately, the court reasoned that revocation was not necessarily punitive. It was in Grimes' best interest because he blamed all of his recent problems to drug addiction and, if nothing else, incarceration would keep him away from those drugs. The 26-month sentence in KDOC custody was to be served first and the 12-month jail sentence after. The court stated that it would consider work release again when Grimes returned to the county jail because he had previously been successful in the program. The district court made sufficient findings as to why further sanctions were contrary to Grimes' welfare in accordance with K.S.A. 2017 Supp. 22-3716(c)(9).

Affirmed.

8