NOT DESIGNATED FOR PUBLICATION

No. 120,697

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON J. BLOCKER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed April 10, 2020. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.


PER CURIAM: Defendant Brandon Blocker appeals the decision of the Sedgwick County District Court to revoke his probation in three consolidated cases and to order that he serve the underlying prison sentences. Blocker contends the district court failed to make the requisite particularized factual findings that public safety considerations warranted revocation without an intermediate sanction. We find the district court's explanation of its decision was sufficiently detailed to support the determination to revoke and, therefore, affirm.

In July 2016, Blocker entered guilty pleas in three consolidated cases:

1

• 15 CR 3086. Blocker was drunk and angry. He physically attacked his girlfriend of the moment. Blocker pleaded guilty to aggravated battery, a severity level 7 person felony. The district court sentenced Blocker to 29 months in prison and placed him on probation for 24 months. The sentence was consecutive to those imposed on Blocker in two earlier cases in which he had already been placed on probation.

• 15 CR 3097. Blocker was drunk and threatened to kill his girlfriend (a different woman than the victim in 15 CR 3086) by crashing the motor vehicle in which they were riding. He then drove into a tree. Blocker pleaded guilty to a severity level 8 aggravated battery. The district court imposed a prison term of 19 months and placed Blocker on probation for 18 months. This sentence was also consecutive to the sentences in the earlier cases.

• 15 CR 3098. Blocker pleaded guilty to two driving under the influence charges under K.S.A. 8-1567 arising from separate arrests about one year and four months apart. In one, Blocker was impaired by drugs and alcohol and in the other alcohol alone. The district court imposed a 12-month jail term for each conviction to be served consecutively but granted Blocker probation after he served three days on each sentence. The district court imposed 2,160 hours of house arrest and a $2,500 fine for each DUI conviction.

A common theme in those convictions is the prominent causative role substance abuse played in animating Blocker's criminal conduct. A second theme is the lenity and concomitant opportunity for rehabilitation the district court extended to Blocker by placing him on probation.

In September 2017, Blocker admitted to a positive drug screen for alcohol metabolites and waived any hearing on the resulting probation violation. He served two 48-hour periods in jail as a sanction. About seven months later, Blocker missed an

2

appointment with his probation officer and admitted consuming alcohol and unprescribed medication, thereby violating his probation.

At the probation revocation hearing, Blocker did not dispute the violations and asked the district court for another extension of leniency to remain on probation. The district court denied that request and ordered Blocker to serve the underlying sentences in the three cases without any additional intermediate sanctions. The district court relied on K.S.A. 2018 Supp. 22-3716(c)(9)(A) dispensing with intermediate sanctions when "the safety of members of the public will be jeopardized or . . . the welfare of the offender will not be served." The district court must explain the public safety or offender welfare finding "with particularity." K.S.A. 2018 Supp. 22-3716(c)(9)(A). Blocker has appealed.[*]

[*]When the district court revoked Blocker's probation, the statutory scheme required the imposition of intermediate sanctions for at least two successive violations before a defendant could be ordered to serve an underlying prison sentence unless a specific exception, such as K.S.A. 2018 Supp. 22-3716(c)(9)(A), applied. The Kansas Legislature has since eliminated the statutory requirement for successive intermediate sanctions, so a district court now may revoke a defendant's probation for a second violation. The legislative amendment does not apply in this case, and the parties have not suggested otherwise.

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

A defendant's stipulation to the alleged violations satisfies the first step. Here, Blocker so stipulated, obviating the State's duty to prove the violations by a preponderance of the evidence. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). After a

3

violation has been established, the decision to reinstate probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227-28. Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158, *cert. denied* 135 S. Ct. 728 (2014). Blocker carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

A district court's authority to revoke a defendant's probation coupled with an order to serve the underlying sentence must be exercised within the statutory framework principally outlined in K.S.A. 2018 Supp. 22-3716. As we have explained, a district court abuses its discretion by stepping outside that framework.

A district court relying on the public safety exception in K.S.A. 2018 Supp. 22-3716(c)(9)(A) to bypass intermediate sanctions must provide case-specific reasons for doing so, tying the defendant's particular circumstances to valid safety considerations. *State v. Clapp*, 308 Kan. 976, 989, 425 P.3d 605 (2018); *State v. Miller*, 32 Kan. App. 2d 1099, 1102, 95 P.3d 127 (2004). Generic or briefly stated reasons lacking detail about the defendant and his or her imposition on public safety fail of that statutory purpose and, therefore, cannot stand as a proper basis to skip otherwise required intermediate sanctions. A district court could not simply say, for example, the defendant failed on probation and would again if continued on probation, posing a safety risk. That would be no more than a rote explanation that could be generically applied to almost any defendant who had messed up on probation. Blocker pins his case on appeal on that sort of mistake.

We have reviewed the district court's explanation for revoking Blocker's probation under K.S.A. 2018 Supp. 22-3716(c)(9)(A). The district court pointed out that Blocker had nine earlier convictions—mostly for driving under the influence and a few for drug possession. The common theme in the current cases, therefore, has deep roots in Blocker's criminal history. That's a specific determination. Likewise, Blocker

4

acknowledged his unsuccessful participation in about half a dozen substance abuse treatment programs. The district court cited those difficulties. That's another specific determination. And the district court noted that Blocker's history demonstrated an inability to remain sober.

The circumstances of Blocker's current crimes of conviction show him to be a danger to others when he abuses drugs and alcohol. Not to put too fine a point on it, Blocker displays violent tendencies, as he did in 15 CR 3086 and 15 CR 3097, when he consumes alcohol. Moreover, drunk drivers continue to pose a grave public safety risk to other motorists. See *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2178, 195 L. Ed. 2d 560 (2016) (Although alcohol related traffic injuries and deaths have declined in recent years, "the statistics are still staggering."). So chronic drunk drivers—those who can't or won't reform—pose a real danger to themselves and others. The district court concluded that Blocker probably would "go out and drink" and hurt himself or others, "[p]ossibly very severely or fatally." That is yet a third specific determination grounded in Blocker's history of substance abuse and his current crimes of conviction. The district court could have been more expansive in describing the circumstances of Blocker's present crimes—that part of the ruling swayed toward the terse. But the underlying facts were known to all of the participants, and the connection between those facts and the district court's detailed reasoning was unmistakable.

The district court rendered its findings for bypassing any additional intermediate sanctions based on the public safety exception in K.S.A. 2018 Supp. 22-3716(c)(9)(A) with sufficient particularity. The conclusion and the underlying reasoning fit within the statutory framework. The district court, therefore, did not abuse its discretion.

Affirmed.