NOT DESIGNATED FOR PUBLICATION

Nos. 128,219
128,220

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DELL WILLIAM SCHMIDT JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; BRETT A. WATSON, judge. Submitted without oral argument. Opinion filed June 6, 2025. Reversed and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Carolyn A. Smith*, assistant deputy district attorney, *Michael Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Dell William Schmidt Jr. appeals the district court's revocation of his probation and imposition of his underlying sentences in two separate cases consolidated for the purpose of appeal. Schmidt contends that the district court failed to state exactly how his welfare would not be served by imposing a sanction, as required to invoke the offender-welfare exception to the intermediate sanction requirement. Based on our review of the record, we agree that although the district court made the necessary findings under K.S.A. 21-6604(n)(2), it failed to make the particularized findings

1

required for application of an exception to the intermediate sanction structure set forth in K.S.A. 22-3716(c)(7)(A). Thus, we reverse and remand with directions.

FACTS

On June 21, 2022, the State charged Schmidt with possession of methamphetamine and possession of drug paraphernalia. He subsequently entered into a diversion agreement with the State in which he agreed to obtain a drug/alcohol evaluation and participate in treatment. More than a year later, the State charged Schmidt in a separate case with two counts of interference with law enforcement and a traffic violation.

On December 13, 2023, the district court revoked Schmidt's diversion in the first case and found him guilty of possession of methamphetamine and possession of drug paraphernalia. The district court sentenced Schmidt to a controlling term of 40 months in prison. It then suspended Schmidt's sentence and placed him on supervised probation for a period of 18 months pursuant to the mandatory drug treatment provisions found in Senate Bill 123.

On April 12, 2024, Schmidt pled guilty to one count of interference with law enforcement in the second case in exchange for the dismissal of the other two charges. In that case, the district court sentenced Schmidt to a mitigated term of 15 months in prison consecutive to the sentence imposed in the first case. The district court again suspended Schmidt's sentence and placed him on probation for a period of 18 months pursuant to the mandatory drug treatment provisions in Senate Bill 123.

A few months later, Schmidt acknowledged that he failed to attend drug treatment as required by Senate Bill 123. He also acknowledged failing to remain drug free. In addition, Schmidt waived his right to have a probation revocation hearing in the district

2

court in both cases. Consequently, his probation officer ordered him to serve a three-day jail sanction.

On July 8, 2024, the State filed a motion for an order to show cause why the defendant's probation should not be revoked in both cases. The State alleged that Schmidt continued to violate the terms of his probation by failing to participate in drug treatment and by failing to report as directed or have contact with the probation officer. At a hearing on the order to show cause, Schmidt stipulated to the alleged violations.

Schmidt asked the district court to reinstate his probation so that he could have another chance to attend drug treatment. In response, the district court expressed concerns about Schmidt's failure to participate in drug treatment. Ultimately, the district court revoked Schmidt's probation in both cases without first imposing an intermediate sanction and ordered him to serve his underlying sentences.

In revoking Schmidt's probation, the district court explained that it was bypassing the imposition of intermediate sanctions because "an intermediate sanction will not serve [his] welfare." The district court also explained that even though Schmidt had been given "opportunity after opportunity to try to address [his] drug issues," he failed to take advantage of those opportunities. As a result, the district court concluded that Schmidt had not complied with the requirement to obtain drug treatment, and he had shown a pattern of "intentional conduct" indicating that he would not participate in drug treatment.

As to the application of intermediate sanctions, the district court stated: "I believe that the Court can bypass those sanctions upon [a] finding that the offender's welfare will not be served by an intermediate sanction. And I do make that finding." The district court also noted that under K.S.A. 21-6604(n)(2), if a defendant fails to participate in or has a pattern of intentional conduct that demonstrates the defendant's refusal to comply with or participate in a treatment program, then the defendant's probation can be revoked. In its

3

journal entries memorializing its decision, the district court wrote: "The Court ruled that the defendant has been given multiple chances to rehabilitate himself and he has not done so. The Court ruled that an intermediate sanction will not serve the defendant's welfare."

Thereafter, Schmidt filed a timely notice of appeal in both cases.

ANALYSIS

In this consolidated appeal, Schmidt contends that the district court failed to state exactly how his welfare would not be served by imposing a sanction. In response, the State contends the district court had the discretion to revoke Schmidt's probation based on his failure to participate in required drug treatment. See K.S.A. 21-6604(n)(2). In the alternative, the State contends that the district court's findings were made with sufficient particularity to support its decision to bypass the imposition of intermediate sanctions under the offender-welfare exception.

In this case, Schmidt stipulated to violating the terms of his probation. Once a probation violation has been established, a district court has discretion to revoke probation unless it is required by statute to impose an intermediate sanction. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion when it does not follow the statutory framework set forth by our Legislature regarding the consequences of violating the terms of probation. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). Whether a district court followed the statutory framework set forth in K.S.A. 22-3716 is a question of law over which we exercise unlimited review. See *State v. Coleman*, 311 Kan. 332, 334-35, 460 P.3d 828 (2020).

In both of the criminal cases that are the subject of this appeal, the terms of Schmidt's probation orders required him to participate in mandatory drug treatment governed by K.S.A. 21-6824. This statute is commonly referred to as Senate Bill 123.

4

Moreover, pursuant to K.S.A. 21-6604(n)(2), if an offender "fails to participate in or has a pattern of intentional conduct that demonstrates the defendant's refusal to comply with or participate in the treatment program," the offender's probation shall be subject to sanction or revocation "pursuant to the provisions of K.S.A. 22-3716."

Here, the district court found—and our review of the record confirms—that Schmidt failed to participate in the required drug treatment program even though he was given numerous opportunities to do so. As a result, the district court properly found that his conduct falls under the provisions of K.S.A. 21-6604(n)(2). Even so, once the district court made this finding, it was still required to apply the sanction structure as set forth in K.S.A. 22-3716. See *State v. Boles*, No. 125,502, 2023 WL 2722476, at *4 (Kan. App. 2023) (unpublished opinion).

Under K.S.A. 22-3716(c)(1)(B), courts are generally required to impose an intermediate sanction of two or three days in jail before probation may be revoked outright. Although a previous sanction had been imposed by Schmidt's probation officer, the district court had not yet imposed an intermediate sanction. So, the district court was required to either impose an intermediate sanction or make the findings necessary to apply a statutory exception to the requirement.

A district court may revoke probation without having previously imposed a sanction in four situations: (1) if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction"; (2) if the offender received probation as the result of a dispositional departure; (3) if the offender committed a new felony or misdemeanor; or (4) the offender absconded while on probation. K.S.A. 22-3716(c)(7). In this case, the district court attempted to apply the first exception—finding that Schmidt's "welfare will not be served by an intermediate sanction." Although the district court may ultimately be correct in reaching this conclusion, we do not find that its

5

decision "sets forth with particularity the reasons for" making this finding. K.S.A. 22-3716(c)(7)(A).

The Kansas Supreme Court has explained that if a district court desires to bypass intermediate sanctions because the welfare of the offender will not be served, it must make findings on the record that are "'distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" *State v. Clapp*, 308 Kan. 976, 989-90, 425 P.3d 605 (2018) (quoting *State v. Miller*, 32 Kan. App. 2d 1099, 1102, 95 P.3d 127 [2004]). In other words, "'an implicit determination is not enough.'" *Dooley*, 308 Kan. at 652. Consequently, to rely on the offender-welfare exception, a district court must explicitly explain how the imposition of an intermediate sanction would be contrary to the offender's welfare. *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015); see also *State v. Duran*, 56 Kan. App. 2d 1268, 1275-76, 445 P.3d 761 (2019), *rev. denied* 312 Kan. 895 (2020) (a district court's findings must explicitly explain how the offender's welfare would not be served by the intermediate sanction, not by probation generally).

Based on our review of the record on appeal, we find that although the district court found that Schmidt's welfare would not be served by the imposition of intermediate sanctions, it failed to explicitly state its reasons. As a result, the district court's findings are not sufficient because we are left to infer its rationale for reaching this conclusion. See *State v. Egbert*, No. 125,790, 2024 WL 1954174, at *3-4 (Kan. App. 2024) (unpublished opinion). Even though the district court made numerous factual findings and expressed its concern that Schmidt would not succeed if given another chance of participating in drug treatment, it failed to take the next required step—to explicitly state "with particularity the reasons for finding that . . . the welfare of the offender will not be served by" the imposition of an intermediate sanction. K.S.A. 22-3716(c)(7)(A). Although the district court appropriately found that Schmidt's lack of participation in the drug treatment program under K.S.A. 21-6604(n)(2) allowed it to impose sanctions or

6

revoke his probation, it failed to follow the provisions of K.S.A. 22-3716(c). Accordingly, we reverse and remand this matter to the district court for a new dispositional hearing to either impose an appropriate intermediate sanction or, in the alternative, set forth with particularity its reasons for bypassing an intermediate sanction under K.S.A. 22-3716(c)(7)(A).

Reversed and remanded with directions.