NOT DESIGNATED FOR PUBLICATION

No. 129,142

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVE CALDERON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Submitted without oral argument. Opinion filed May 22, 2026. Reversed and remanded with directions.

*Lindsay Kornegay* and *Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, *Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., HILL and BRUNS, JJ.

PER CURIAM: Steve Calderon appeals the district court's revocation of his probation and imposition of his underlying sentence. On appeal, Calderon contends that the district court erred in revoking his probation because it failed to impose an intermediate sanction or make particularized findings to support bypassing those sanctions. Based on our review of the record, we agree that the district court failed to make the particularized findings necessary to invoke an exception to the imposition of intermediate sanctions as required under K.S.A. 22-3716(c)(7)(A). Thus, we reverse the district court's decision and remand this matter with directions.

1

FACTS

On October 24, 2022, the State charged Calderon with possession of methamphetamine, interference with law enforcement, possession of marijuana, and possession of drug paraphernalia. He subsequently entered a no contest plea to possession of a controlled substance that was accepted by the district court. In exchange for his plea, the State agreed to dismiss the remaining counts.

At sentencing, the district court found that Calderon had a criminal history score of C and that Special Rule 9 applied because he was, which meant that Calderon's crime of conviction occurred while he was on felony probation. As a result, under K.S.A. 21-6606(c), the district court was required to order Calderon's sentence in this case to be served consecutively to a sentence he was serving arising from a case in Harvey County. In addition, under K.S.A. 21-6604(f)(1), the district court had the discretion to sentence Calderon to imprisonment even though his new crime would normally result in a presumptive nonprison sentence.

Ultimately, the district court sentenced Calderon to 30 months in prison. But it suspended the sentence and placed him on probation for a period of 18 months. The district court also ordered that Calderon's begin upon his release from custody in the Harvey County. As a result, Calderon's probation in this case began on September 27, 2024.

About two months later, Calderon served a 3-day jail sanction imposed by his probation officer after he admitted to using alcohol. Then, in January 2025, the State moved to revoke Calderon's probation for allegedly failing to:  report to his probation officer, maintain employment, notify his probation officer within 24 hours of changing his address, remain drug-free, comply with curfew, complete a drug evaluation, and pay

2

court costs. Calderon admitted to all the alleged violations except for the alleged failure to comply with curfew.

At his probation revocation hearing, Calderon requested that the district court allow him to attend a 30-day inpatient drug treatment program and extend his probation. On the other hand, the State requested that the district court revoke Calderon's probation and require him to serve his underlying sentence because "it would be in his welfare that he do so to ensure that he doesn't continue to use methamphetamine."

Considering Calderon's admissions, the district court revoked his probation. Moreover, in ordered him to serve his underlying prison sentence. In doing so, the district court stated on the record that it would "impose the underlying sentence based upon [an] underlying sanction already being [imposed] and remand you into the custody of the Department of Corrections." However, in its journal entry, the district court stated that it revoked indicated it was revoking Calderon's probation because his welfare would not be served by the imposition of an intermediate sanction.

Thereafter, Calderon filed a timely notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in revoking Calderon's probation and ordering him to serve his underlying sentence. Calderon argues that the district court erred because it had not previously ordered him to serve an intermediate sanction nor did it make the particularized findings necessary to bypass the imposition of court-ordered intermediate sanctions. In response, the State contends the district court appropriately bypassed the imposition of intermediate sanctions because under the offender-welfare exception. In the alternative, the State argues that the district

court was justified in bypassing intermediate sanctions based on Calderon's stipulation to drug usage constituted an admission to committing a new crime while on probation.

It is undisputed that Calderon stipulated to violating the terms of his probation. Once a probation violation has been established, a district court has discretion to revoke probation unless it is required by statute to impose an intermediate sanction. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion when it does not follow the statutory framework for the imposition of intermediate sanctions set forth by our Legislature. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). Whether a district court followed the statutory framework set forth in K.S.A. 22-3716 is a question of law over which we exercise unlimited review. See *State v. Coleman*, 311 Kan. 332, 334-35, 460 P.3d 828 (2020).

Under K.S.A. 22-3716(c)(1)(B), district courts are generally required to impose an intermediate sanction of two or three days in jail before ordering a defendant to serve his or her underlying sentence. Significantly, in *State v. McRoberts*, 65 Kan. App. 2d 481, 491-92, 567 P.3d 905, *rev. denied* 320 Kan. 866 (2025), this court held that only a jail sanction ordered by a district court—and not one imposed by a probation officer— justifies a revocation of probation and imposition of an underlying sentence based on an intermediate sanction having already been imposed. Here, the previous jail sanction had been imposed by Calderon's probation officer and not by the district court. Consequently, the district court was required to either order Calderon to serve an intermediate sanction or make the findings necessary to apply a statutory exception to the requirement.

A district court may revoke probation without having previously imposed a sanction in four situations: (1) if the district court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction"; (2) if the offender received probation as the result of a dispositional departure; (3) if the offender committed

4

a new felony or misdemeanor; or (4) if the offender absconded while on probation. K.S.A. 22-3716(c)(7)(A)-(D). In this case, the district court appeared to be under the assumption at the probation hearing that it could order Calderon to serve his underlying sentence because of the previous jail sanction imposed by his probation officer. Then, in the journal entry, the district court changed course by referring to offender welfare as the justification for bypassing the imposition of an intermediate sanction.

A review of the record on appeal reveals that the district court did not expressly make a "welfare of the offender" finding at the probation revocation hearing. Yet it did check the box on the journal entry indicating "Offender welfare finding" based on "usage concerns remain despite opportunities to seek treatment." Although the district court may eventually be justified in bypassing intermediate sanctions in this case, it must state "with particularity" on the record "the reasons for" reaching this conclusion as required by K.S.A. 22-3716(c)(7)(A).

As the Kansas Supreme Court has explained, if a district court wants to bypass intermediate sanctions because the welfare of the offender will not be served, it must make findings on the record that are "'distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" *State v. Clapp*, 308 Kan. 976, 989-90, 425 P.3d 605 (2018) (quoting *State v. Miller*, 32 Kan. App. 2d 1099, 1102, 95 P.3d 127 [2004]). In doing so, "'an implicit determination is not enough'" to support a finding under the offender-welfare exception. *Dooley*, 308 Kan. at 652. So, a district court must explicitly set forth how the imposition of an intermediate sanction would be contrary to the offender's welfare. *Clapp*, 308 Kan. 989-90; *State v. Duran*, 56 Kan. App. 2d 1268, 1275-76, 445 P.3d 761 (2019).

In this case, we recognize that the district court did make some findings on the record regarding Calderon's continued drug use. It also expressed its hope that he would "get healthy" and "get clean." Still, the district court failed to expressly state on the record

5

that it was applying the "welfare of the offender" exception to bypass ordering an intermediate sanction. Likewise, it failed to state "with particularity the reasons for finding that . . . the welfare of the offender will not be served by" the imposition of an intermediate sanction. K.S.A. 22-3716(c)(7)(A).

In the alternative, the State argues that by stipulating to drug use while on probation, Calderon admitted to committing one or more new crimes. Even though the district court noted that Calderon was still "using [drugs] extensively," it did not make a finding either on the record or in the journal entry that it was bypassing intermediate sanctions based on a finding that he committed new crimes. Without such a finding by the district court, we decline to speculate whether the district court intended to bypass intermediate sanctions on this basis.

In summary, we conclude that the district court failed to make the particularized findings necessary at the probation revocation hearing to justify the bypassing on intermediate sanctions either on the ground of offender welfare or the commission of a new crime. In light of this decision, we reverse the district court's ruling and remand this matter for a new probation revocation hearing. At the hearing, the district court may impose an appropriate intermediate sanction or make the appropriate findings with particularity to bypass the imposition of an intermediate sanction for one or more of the exceptions set forth in K.S.A. 22-3716(c)(7)(A)-(D).

Reversed and remanded with directions.